IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 31595-9-III |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| ENRIQUE HERNANDEZ, | ) | PUBLISHED OPINION |
| | ) | |
| Appellant. | ) | |

BROWN, J. — Enrique Hernandez pled guilty to felony driving while under the influence of alcohol (felony DUI) and third degree assault. He appeals his offender score computation and two sentencing conditions. Mr. Hernandez contends the trial court (1) impermissibly considered offenses other than those listed in RCW 9.94A.525(2)(e) when calculating his offender score, (2) erred when it imposed a term of confinement and community custody greater than the statutory maximum for third degree assault, and (3) erred when it imposed a term of confinement coupled with a 10-year ignition interlock requirement in excess of the statutory maximum for felony DUI. We disagree with Mr. Hernandez' first contention but agree with his second and third contentions and remand for resentencing in a manner consistent with this opinion.

## FACTS

The State charged Mr. Hernandez with felony DUI and third degree assault. Before trial, Mr. Hernandez moved the court to declare his offender score. He argued his felony DUI offender score should be 5 while the State believed his offender score was 9. Mr. Hernandez pled guilty to the felony DUI and assault charges. The court calculated his offender score for the felony DUI at 9+ and his offender score for third degree assault at 8. In calculating the offender score, the court considered the following criminal history: a 1994 juvenile conviction for second degree robbery, a 1998 forgery conviction, a 2001 DUI, physical control convictions in 2003 and 2006, a 2007 DUI, a 2003 second degree malicious mischief conviction, a 2003 conviction for attempt to elude, a 2006 second degree possession of stolen property conviction, and a 2009 felony DUI. The court sentenced Mr. Hernandez to 60 months for the felony DUI and 57 months for third degree assault, with the sentences running concurrently. The court ordered community custody for 12 months after his release and required use of an ignition interlock device for 10 years. Mr. Hernandez appealed.

## ANALYSIS

### A. Felony DUI Offender Score

The issue is whether the trial court incorrectly calculated Mr. Hernandez' offender score for his felony DUI conviction by including all of his prior offenses in that calculation. Mr. Hernandez contends RCW 9.94A.525(2)(e) limits the prior offenses that can be used in his offender score calculation to felony DUI convictions, misdemeanor

2

DUI convictions, and felony physical control convictions. Thus, he argues, the court should not have included any of his other prior convictions in his offender score calculation, making his maximum offender score 6 instead of 9+.

Our fundamental objective in statutory interpretation "is to ascertain and carry out the legislature's intent." *State v. Morales*, 168 Wn. App. 489, 492, 278 P.3d 668 (2012). A court must give effect to a statute's plain meaning if the meaning is plain on the statute's face. *Id.* "Such meaning is derived from all that the legislature has said in the statute and related statutes that disclose legislative intent about the provision in question." *Id.* Interpretations rendering any portion of a statute meaningless should not be adopted. *Id.* "[S]trained meanings and absurd results should be avoided." *Id.*

We review offender score calculations de novo. *State v. Wilson*, 113 Wn. App. 122, 136, 52 P.3d 545 (2002). Offender scores are calculated in three steps: "(1) identify all prior convictions; (2) eliminate those that wash out; (3) 'count' the prior convictions that remain in order to arrive at the offender score." *State v. Moeurn*, 170 Wn.2d 169, 175, 240 P.3d 1158 (2010).

Former RCW 9.94A.525 (2011) applies here. Subsection (2)(e) states:

> If the present conviction is felony driving while under the influence of intoxicating liquor or any drug (RCW 46.61.502(6)) or felony physical control of a vehicle while under the influence of intoxicating liquor or any drug (RCW 46.61.504(6)), prior convictions of felony driving while under the influence of intoxicating liquor or any drug, felony physical control of a vehicle while under the influence of intoxicating liquor or any drug, and serious traffic offenses shall be included in the offender score if: (i) The prior convictions were committed within five years since the last date of release from confinement (including full-time residential treatment) or entry

3

of judgment and sentence; or (ii) the prior convictions would be considered "prior convictions within ten years" as defined in RCW 46.55.5055.

According to the *Morales* court, "the '[t]he prior convictions' that shall be included in the calculation of the offender score are limited to these: 'felony driving under the influence of intoxicating liquor or any drug, felony physical control of a vehicle while under the influence of intoxicating liquor or any drug, and serious traffic offenses.'" *Morales*, 168 Wn. App. at 493 (quoting RCW 9.94A.525(2)(e) (2011)). Mr. Morales had seven prior serious traffic offense convictions and a fourth degree assault conviction. *Id.* at 493-94, 497. The court stated RCW 9.94A.525(2)(e) was applicable and RCW 9.94A.525(2)(d), discussing when serious traffic offenses wash out, had no bearing on the offender score calculation. *Id.* at 500-01. The court determined four of the serious traffic convictions washed out and the fourth degree assault conviction should not have been counted because "it [was] not among th[e] limited classes of prior offenses." *Id.* at 497, 501. Including the current attempting to elude conviction, the defendant's offender score was 4 instead of 8 as calculated by the trial court. *Id.* at 491, 501.

Division Two of this court recently adopted part of Division One's *Morales* holding in *State v. Jacob*, 176 Wn. App. 351, 360, 308 P.3d 800 (2013). The court decided "under subsection (i) only RCW 9.94A.525-specified prior convictions count as offender score points for purposes of sentencing a defendant convicted of former RCW 46.61.502(6) (2008) felony DUI." *Id.* The court reasoned the sentencing court erred by including the defendant's drug convictions in his offender score "because drug

4

convictions are not among the statutorily specified prior convictions for offender score inclusion under subsection (i) of RCW 9.94A.525(2)[(e)]." *Id.*

When calculating Enrique Hernandez' offender score, the sentencing court identified 10 prior convictions. Our focus is the second step: determining whether any of these prior convictions wash out. RCW 9.94A.525(2) contains several provisions detailing when certain types of prior convictions wash out. For example, subsection (2)(a) provides class A and sex felonies never wash out, subsection (2)(b) provides class B felonies other than sex offenses wash out after the offender spends 10 crime-free years in the community, and subsections (2)(c) and (d) provide class C felonies and serious traffic offenses wash out after the offender spends five crime-free years in the community *except* as provided in subsection (2)(e).

The holdings in *Morales Jacob* do not bind us. While Divisions One and Two were persuaded the plain meaning of subsection (2)(e) means solely those crimes specifically enumerated in the subsection could count in an offender score calculation for a felony DUI, we reason the plain meaning is that subsection (2)(e) acts as an exception to the wash out provisions seen in subsections (2)(c) and (d). Subsection (2)(e) revives certain offenses that would wash out under (2)(c) and (d), but solely in cases where the current conviction is for felony DUI or felony physical control.

Reading subsection (2)(e) differently leads to strained and absurd results. Subsection (2)(a) provides class A and sex felonies never wash out. Under Mr. Hernandez' interpretation of subsection (2)(e), class A and sex felonies cannot be

5

included in calculating the offender score for a felony DUI. And, RCW 9.94A.525(11) states how to score offenses when the present conviction is for a felony traffic offense: "for each felony offense count one point for each adult and ½ point for each juvenile conviction."[1] Nothing in subsection (11) limits calculating an offender score for a felony traffic offense to solely those crimes enumerated in subsection (2)(e). Considering the statute as a whole supports the argument that subsection (2)(e) does not limit prior convictions to only those laid out in that subsection. *See State v. Wright*, 84 Wn.2d 645, 650, 529 P.2d 453 (1974).

Nothing in the legislative history indicates the legislature intended to limit subsection (2)(e) as decided in *Morales* and *Jacob*. Mr. Hernandez argues the legislature was unconcerned with unrelated class C felony offenses when writing subsection (2)(e). He relies on sections of the bill reports stating "prior offenses" are those under DUI laws. *See, e.g.*, House Bill Report on H.B. 3317, at 1-2, 59th Leg., Reg. Sess. (Wash. 2006). But, that discussion was in relation to misdemeanor DUIs, not felony DUIs. The bill reports then discuss felony sentencing, including how offender scores are calculated under the Sentencing Reform Act of 1981 (SRA), chapter 9.94A

---

[1] RCW 9.94A.525(11) provides:

(11) If the present conviction is for a felony traffic offense count two points for each adult or juvenile prior conviction for Vehicular Homicide or Vehicular Assault; for each felony offense count one point for each adult and ½ point for each juvenile prior conviction; for each serious traffic offense, other than those used for an enhancement pursuant to RCW 46.61.520(2), count one point for each adult and ½ point for each juvenile prior conviction; count one point for each adult and ½ point for each

6

RCW, specifically noting the provisions of RCW 9.94A.525(11) and when certain non-felony crimes, such as serious traffic offenses, count in an offender score. *See, e.g.,* Final Bill Report on H.B. 3317, at 1-2, 59th Leg., Reg. Sess. (Wash. 2006). This discussion does not evince an intention to treat differently felony DUIs from other felony crimes. We note the legislature amended subsection (2)(e) in 2013:

> If the present conviction is felony driving while under the influence of intoxicating liquor or any drug (RCW 46.61.502(6)) or felony physical control of a vehicle while under the influence of intoxicating liquor or any drug (RCW 46.61.504(6)), all predicate crimes for the offense as defined by RCW 46.61.5055(14) shall be included in the offender score, and prior convictions for felony driving while under the influence of intoxicating liquor or any drug (RCW 46.61.502(6)) or felony physical control of a vehicle while under the influence of intoxicating liquor or any drug (RCW 46.61.504(6)) shall always be included in the offender score. *All other convictions of the defendant shall be scored according to this section.*

RCW 9.94A.525(2)(e) (emphasis added).

Given our analysis, we conclude the trial court did not err by including all of Mr. Hernandez' prior convictions.

### B. Community Custody Exceeding Statutory Maximum

The State correctly concedes the trial court erred when it imposed a term of confinement plus a term of community custody exceeding the statutory maximum for assault in the third degree. Thus, we remand to the trial court to resentence Mr. Hernandez on the third degree assault consistent with RCW 9.94A.701(9).

---

juvenile prior conviction for operation of a vessel while under the influence

## C. Ignition Interlock Requirement

The issue is whether the trial court erred when it imposed a 10-year ignition interlock requirement on Mr. Hernandez. He contends the court exceeded its authority because imposing the 10-year ignition interlock requirement exceeded the statutory maximum: his 60-month sentence was the statutory maximum.

We review erroneous sentence claims de novo. *In re Pers. Restraint of Brooks*, 166 Wn.2d 664, 667, 211 P.3d 1023 (2009). When someone is convicted of a felony, a court must impose a sentence as provided in the SRA. RCW 9.94A.505(2)(a). The SRA applies to those convicted of felony DUI. RCW 9.94A.505(2)(a)(xii); RCW 9.94A.603. As it relates to community custody, a court cannot impose an aggregate term of confinement and community custody beyond the statutory maximum. *State v. Boyd*, 174 Wn.2d 470, 472-73, 275 P.3d 321 (2012) (interpreting RCW 9.94A.701(9)). A felony DUI is a class C felony and carries with it a maximum five-year sentence. RCW 46.61.502(6); RCW 9A.20.021(1)(c).

Under RCW 46.61.5055(5)(a), a court must "require any person convicted of a violation of RCW 46.61.502 . . . to comply with the rules and requirements of the department [of licensing] regarding the installation and use of a functioning ignition interlock device." RCW 46.20.720(1) provides a

> court may order that after a period of suspension, revocation, or denial of driving privileges, and for up to as long as the court has jurisdiction, any person convicted of any offense involving the use, consumption, or possession of alcohol while operating a motor vehicle may drive only a motor vehicle equipped with a functioning ignition interlock.

of intoxicating liquor or any drug.

8

The court must state how long the ignition interlock is required. RCW 46.20.720(1).

The sentencing court gave Mr. Hernandez the statutory maximum of 60-month' confinement and ordered him to use an ignition interlock device for 10 years after his driver's license was restored. The court was required to order Mr. Hernandez to comply with the requirements of the department of licensing regarding the use of an ignition interlock device, however, the court exceeded its authority in ordering him to use such a device for 10 years after his release from confinement. The court had the discretion to order the use of an ignition interlock device under RCW 46.20.720(1). But that discretion is limited to the length of time the court retains jurisdiction; here five years was the limit. The legislature knows how to create an exception to the jurisdictional requirement; it did not do so here. *See* RCW 9.94A.750; RCW 9.94A.753. The Department may require the use of an ignition interlock device for ten years, but the court erred in imposing the 10-year requirement because its sentencing discretion was limited to the 5-year maximum.

Remanded for resentencing consistent with this opinion.

_____
Brown, J.

WE CONCUR:

_____
Siddoway, C.J.

_____
Lawrence-Berrey, J.

9