IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | |
| | ) | No. 33793-6-III |
| Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| STEPHEN GERALD DOUGLAS, | ) | UNPUBLISHED OPINION |
| | ) | |
| Appellant. | ) | |

SIDDOWAY, J. — Stephen Gerald Douglas was convicted in a 2015 Franklin County jury trial of the felony violation of a 2013 no contact order. On appeal, he contends the evidence does not support his conviction because the only direct evidence that supported the knowledge element of the crime was a certified copy of the no contact order that was purportedly signed by him. In his statement of additional grounds for review, he challenges his offender score and the validity of the 2013 no contact order.

We hold that Mr. Douglas's signature on the 2013 no contact order and other circumstantial evidence are sufficient to support a reasonable juror's decision beyond a reasonable doubt that he knew the terms of the order. We also hold that the offender score is correct and that Mr. Douglas's challenge of the 2013 order is untimely. Accordingly, his judgment and sentence is affirmed.

## FACTS

Mr. Douglas has a history of domestic violence against his wife, Sheree McCullough. In 2013, he was convicted on a guilty plea of felony violation of a no contact order related to Ms. McCullough. The 2013 judgment and sentence orders him to have no contact with Ms. McCullough for five years and states that a separate domestic violence protection order is being filed with the judgment and sentence. Mr. Douglas signed the judgment and sentence as well as the no contact order filed on the same date: July 23, 2013. One of the terms of the no contact order restrained him from "[e]ntering or knowingly coming within or knowingly remaining within 500 feet (distance) of the protected person'(s) [X] residence [X] school [X] place of employment." Ex. 3 at 1. The order expires on July 23, 2018.

In early April 2015, a Franklin County deputy stopped Ms. McCullough for driving with a suspended license. The deputy noted that Ms. McCullough appeared fearful, and she claimed that she was a "damsel in distress" with a domestic violence "situation." Report of Proceedings at 65-66. The deputy followed Ms. McCullough to

2

her home and found Mr. Douglas hiding in his daughter's bedroom, on the floor between her bed and the wall. As deputies arrested him for violation of the no contact order, Mr. Douglas showed no confusion about the reason for his arrest. Later, he asked a deputy how he could have violated the no contact order if he was not with Ms. McCullough at the time she was stopped in her car. He admitted that he had been at her residence all day.

At Mr. Douglas's trial on the charge of felony violation of a no contact order, the State presented certified copies of the 2013 judgment and sentence and the attached no contact order. A deputy who was a former corrections officer testified that defendants typically were given copies of their judgment and sentences and no contact orders after sentencing. The jury found him guilty of the charge. Using an offender score of 8, the court imposed a standard range sentence of 60 months.

SUFFICIENCY OF THE SIGNED NO CONTACT ORDER TO SHOW
KNOWLEDGE OF ITS TERMS

Mr. Douglas challenges the sufficiency of the evidence to support his conviction. He contends the signed 2013 no contact order is insufficient to show that he knew the terms of the order.

The State must prove beyond a reasonable doubt every element of a criminal offense. *State v. Colquitt*, 133 Wn. App. 789, 796, 137 P.3d 892 (2006). Evidence is sufficient to support a guilty verdict if, when viewed in the light most favorable to the

3

State, it allows a rational trier of fact to find the essential elements of the crime beyond a reasonable doubt. *State v. Thomas*, 150 Wn.2d 821, 874, 83 P.3d 970 (2004). In challenging the sufficiency of the evidence, a defendant necessarily admits the truth of the State's evidence and all inferences that arise from that evidence. *Id.* Circumstantial evidence is considered as reliable as direct evidence. *Id.*

The four elements of a felony violation of a no contact order relevant here are (1) willful contact with another, (2) a valid no contact order that prohibits such contact, (3) the defendant's knowledge of the no contact order, and (4) the defendant's prior convictions of at least two separate violations of a valid no contact order. *State v. Clowes*, 104 Wn. App. 935, 944, 18 P.3d 596 (2001); RCW 26.50.110(5). Mr. Douglas challenges solely the sufficiency of the evidence to support the third element: knowledge of the no contact order.

At trial, the State admitted into evidence certified copies of the 2013 conviction of a felony violation of a no contact order and the no contact order entered on the same date. The 2013 judgment and sentence states that Mr. Douglas was present at sentencing, notes that a separate domestic violence protection order is filed with the judgment and sentence, and contains Mr. Douglas's signature, with an attestation by the clerk of court that Mr. Douglas had affixed his fingerprints and signature on the document. Mr. Douglas signed the no contact order below statements that the order expires on July 23,

4

2018, and that the order was "Done in Open Court in the presence of the defendant this date: 9/22/13." Ex. 3 at 2.

The certified copy of the valid no contact order containing Mr. Douglas's signature is sufficient evidence in itself to establish his knowledge of the order. *State v. France*, 129 Wn. App. 907, 911, 120 P.3d 654 (2005). Additionally, the facts that the deputies found him hiding in Ms. McCullough's home and that he expressed no surprise when he was told why he was arrested raise a reasonable inference that he knew he was violating the terms of the order. Viewed, as it must be, in the light most favorable to the State, this evidence is sufficient for a reasonable juror to find beyond a reasonable doubt that Mr. Douglas knew the terms of the valid no contact order.

## OFFENDER SCORE

In his statement of additional grounds for review, Mr. Douglas contends the trial court incorrectly computed his offender score. He did not challenge the computation of his prior offenses at trial. The issue is not waived, however, because a sentence based on an improperly calculated score lacks statutory authority. *State v. Wilson*, 170 Wn.2d 682, 688, 244 P.3d 950 (2010). Our review is de novo. *State v. Hernandez*, 185 Wn. App. 680, 684, 342 P.3d 820 (2015), *review denied*, 185 Wn.2d 1002 (2016).

The trial court used an offender score of 8 to determine Mr. Douglas's standard sentence range. His criminal history includes five prior felonies: (1) felony domestic violence (1/19/00), (2) second degree assault (4/04/00), (3) community custody violation

5

(4/29/02), (4) theft of rental property (4/17/03), and (5) felony violation of a no contact order with domestic violence (7/23/13). Because violation of a no contact order with domestic violence is a "nonviolent felony," four of Mr. Douglas's five prior felony convictions count as one point each and the 2013 felony violation of a no contact order with domestic violence counts as two points. RCW 9.94A.030(34), (55); RCW 9.94A.525(7), (21)(a). Mr. Douglas has one countable prior gross misdemeanor for domestic violence assault (committed 4/24/13). RCW 9.94A.525(21)(c).

With five points for four prior felonies and one gross misdemeanor, two points for the 2013 felony violation of a no contact order, and one point for committing the current offense while under community custody (RCW 9.94A.525(19)), Mr. Douglas's offender score is 8. The trial court thus did not err in computing the offender score.

## VALIDITY OF THE 2013 NO CONTACT ORDER

Mr. Douglas also challenges the validity of the 2013 no contact order. He contends there are no transcripts or recordings that prove the order was ever entered. His appeal of this order is untimely. RAP 5.2(a). Furthermore, the certified copy of the 2013 no contact order that is contained in this record is valid on its face. RCW 10.73.090(1).

Affirmed.

A majority of the panel has determined this opinion will not be printed in the

6

No. 33793-6-III
*State v. Douglas*

Washington Appellate Reports, but it will be filed for public record pursuant to RCW

2.06.040.

_____
Siddoway, J.

WE CONCUR:

_____
Fearing, C.J.

_____
Pennell, J.

7