# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 47859-5-II |
| Respondent, | |
| v. | |
| EDWARD JUNIOR PINKNEY, III, | UNPUBLISHED OPINION |
| Appellant. | |

LEE, P.J. — Edward Junior Pinkney III appeals the sentencing court's calculation of his offender score at his sentencing for two convictions. He argues that the offender scores should be lower. In the alternative, he argues his attorney rendered ineffective assistance by stipulating to the offender scores relied on by the sentencing court. Pinkney also submitted a statement of additional grounds (SAG) requesting this court reevaluate his offender score calculations.

We hold that Pinkney fails to demonstrate that the sentencing court erred in calculating his offender scores. We further hold that because he fails to demonstrate error, he fails to show the prejudice necessary to sustain his argument for ineffective counsel, and nothing presented in his SAG changes this result. Therefore, we affirm.

## FACTS

Pinkney was convicted of a felony violation of a post-conviction no-contact order (VNCO), with a special verdict of it being a domestic violence offense (VNCO-DV), and bail jumping. At sentencing, Pinkney, through counsel, stipulated to an offender score of seven for the VNCO-DV

conviction and five for the bail jumping conviction.[1]  The sentencing court accepted the offender scores and imposed a prison-based Drug Offender Sentencing Alternative (DOSA), resulting in a total term of 27.75 months in prison and 27.75 months of community custody.

The following is the criminal history table contained in the judgment and sentence for Pinkney's current VNCO-DC and bail jumping convictions:

| | CRIME | DATE OF SENTENCE | SENTENCING COURT (County & State) | DATE OF CRIME | A or J Adult, Juv. | TYPE OF CRIME | DV* YES |
|---|---|---|---|---|---|---|---|
| 1 | CONTROLLED SUBSTANCE VIOLATION | 6/9/15 7/29/15 | THURSTON COUNTY | 2/13/15 | A | F | |
| 2 | FELONY VNCO-DV | 1/16/14 | THURSTON COUNTY | 9/24/13 | A | F | |
| 3 | CONTROLLED SUBSTANCE VIOLATION *(WASHES OUT)* | 7/31/06 | PIERCE COUNTY | 7/2/06 | A | F | |
| 4 | ASSAULT 2 | 11/21/01 | PIERCE COUNTY | 7/19/01 | A | F | |
| 5 | HARASSMENT-DV *(WASHES OUT)* | 5/31/01 | PIERCE COUNTY | 4/10/01 | A | F | |
| 6 | CONTROLLED SUBSTANCE VIOLATION CONSPIRACY *(WASHES OUT)* | 11/27/00 | PIERCE COUNTY | 10/26/00 | A | F | |
| 7 | CONTROLLED SUBSTANCE VIOLATION *(WASHES OUT)* | 7/14/92 | PIERCE COUNTY | 1/2/91 | A | F | |
| | **MISDEMEANORS** | | | | | | |
| | ASSAULT 4-DV | 12/28/05 | LAKEWOOD MUNI | 12/26/05 | A | GM | |
| | VNCO-DV | 12/6/02 | LAKEWOOD MUNI | 7/23/02 | A | GM | |
| | VNCO-DV | 5/31/01 | PIERCE COUNTY | 4/10/01 | A | GM | |
| | ASSAULT 4-DV | 8/14/00 | LAKEWOOD MUNI | 8/13/00 | A | GM | |
| | ASSAULT 4-DV | 2001 | LAKEWOOD MUNI | 12/31/00 | A | GM | |
| | VNCO-DV | 3/14/96 | THURSTON COUNTY | 3/1/96 | A | GM | |
| | ASSAULT 4-DV | 5/30/95 | THURSTON COUNTY | 4/16/95 | A | GM | |
| | ASSAULT 4-DV | 11/10/92 | THURSTON COUNTY | 10/20/92 | A | GM | |
| | ASSAULT 4 | 5/8/92 | PIERCE COUNTY | 4/17/92 | A | GM | |
| | VNCO-DV | 3/21/06 | PIERCE COUNTY | 2/2/06 | A | GM | |
| | ASSAULT 4-DV *(COUNTS AS A POINT)* | 2013 | LAKEWOOD MUNI | 3/11/13 | A | GM | |

Clerk's Papers (CP) at 118.

---

[1] Pinkney argues, and the State does not dispute, that defense counsel's stipulation to the offender score does not waive the issue on appeal.  *See State v. Bahl*, 164 Wn.2d 739, 744-45, 193 P.3d 678 (2008) (noting that sentences imposed contrary to the sentencing statutes may be challenged for the first time on appeal); *In re Pers. Restraint of Goodwin*, 146 Wn.2d 861, 874, 50 P.3d 618 (2002) ("in general a defendant cannot waive a challenge to a miscalculated offender score.").

On appeal, Pinkney argues that the sentencing court miscalculated his offender score and that his attorney was ineffective for stipulating to the incorrect offender score. We disagree.

ANALYSIS

A.      STANDARD OF REVIEW

Offender score calculations are reviewed de novo. *State v. Hernandez*, 185 Wn. App. 680, 684, 342 P.3d 820 (2015), *review denied*, 185 Wn.2d 1002 (2016). "Offender scores are calculated in three steps: (1) identify all prior convictions; (2) eliminate those that wash out; (3) 'count' the prior convictions that remain in order to arrive at the offender score." *Id.* at 684 (quoting *State v. Moeurn*, 170 Wn.2d 169, 175, 240 P.3d 1158 (2010)) (internal quotation marks omitted).

B.      OFFENDER SCORE FOR THE CURRENT VNCO-DV CONVICTION

Pinkney argues that the correct offender score for his current VNCO-DV conviction is six points, rather than seven. Based on the record available, and arguments presented, we hold that the offender score of seven for Pinkney's current VNCO-DV was proper.

Pinkney and the State agree that the following convictions should be counted in Pinkney's offender score for his current VNCO-DV conviction: (1) the current offense of bail jumping (one point), RCW 9.94A.525(7)[2] and .589(1)(a)[3]; (2) the 2015 controlled substance violation (one

---

[2] RCW 9.94A.525(7) states:

> If the present conviction is for a nonviolent offense and not covered by subsection (11), (12), or (13) of this section, count one point for each adult prior felony conviction and one point for each juvenile prior violent felony conviction and 1/2 point for each juvenile prior nonviolent felony conviction.

[3] RCW 9.94A.589(1)(a) states:

point), RCW 9.94A.525(7); (3) the 2014 felony VNCO-DV (two points), RCW 9.94A.525(21)(a)[4];

(4) the 2001 assault 2 (one point), RCW 9.94A.525(7); (5) the 2013 assault 4-DV (one point),

---

Except as provided in (b), (c), or (d) of this subsection, whenever a person is to be sentenced for two or more current offenses, the sentence range for each current offense shall be determined by using all other current and prior convictions as if they were prior convictions for the purpose of the offender score: PROVIDED, That if the court enters a finding that some or all of the current offenses encompass the same criminal conduct then those current offenses shall be counted as one crime. Sentences imposed under this subsection shall be served concurrently. Consecutive sentences may only be imposed under the exceptional sentence provisions of RCW 9.94A.535. "Same criminal conduct," as used in this subsection, means two or more crimes that require the same criminal intent, are committed at the same time and place, and involve the same victim. This definition applies in cases involving vehicular assault or vehicular homicide even if the victims occupied the same vehicle.

[4] RCW 9.94A.525(21) states:

If the present conviction is for a felony domestic violence offense where domestic violence as defined in RCW 9.94A.030 was plead [pleaded] and proven, count priors as in subsections (7) through (20) of this section; however, count points as follows:

(a) Count two points for each adult prior conviction where domestic violence as defined in RCW 9.94A.030 was plead [pleaded] and proven after August 1, 2011, for the following offenses: A violation of a no-contact order that is a felony offense, a violation of a protection order that is a felony offense, a felony domestic violence harassment offense, a felony domestic violence stalking offense, a domestic violence Burglary 1 offense, a domestic violence Kidnapping 1 offense, a domestic violence Kidnapping 2 offense, a domestic violence unlawful imprisonment offense, a domestic violence Robbery 1 offense, a domestic violence Robbery 2 offense, a domestic violence Assault 1 offense, a domestic violence Assault 2 offense, a domestic violence Assault 3 offense, a domestic violence Arson 1 offense, or a domestic violence Arson 2 offense;
. . .
(c) Count one point for each adult prior conviction for a repetitive domestic violence offense as defined in RCW 9.94A.030, where domestic violence as defined in RCW 9.94A.030, was plead [pleaded] and proven after August 1, 2011.

RCW 9.94A.525(21)(c). We agree that those five convictions are correctly scored for a total of six points toward the offender score for Pinkney's current VNCO-DV conviction.

Pinkney argues, "According to the face of the judgment and sentence, three prior felonies washed out from the offender score," and lists those three as: (1) the 2006 controlled substance violation; (2) the 2001 harassment-DV; and (3) the 2000 controlled substance violation conspiracy. Br. of Appellant at 3. Pinkney also argues, "These class C felonies washed out because Pinkney spent five consecutive years in the community crime free between 2006 and 2013."[5] Br. of Appellant at 3-4. We hold that while the current judgment and sentence notes that each of these felonies "*washes out*," the record shows that the 2000 controlled substance violation conspiracy does not wash out. CP at 118.

Pinkney contends the 2000 controlled substance violation conspiracy is a class C felony because the object of the conspiracy was the delivery of a schedule II substance, which is a class B felony, and RCW 9A.28.040(3)(c) states that criminal conspiracy is a class C felony when the object of the conspiracy is a class B felony. The State asserts that it is a class B felony because delivery of a schedule II substance is a class B felony under RCW 69.50.401(2)(a), and RCW

---

[5]RCW 9.94A.525 provides for the calculation of offender scores. Subsection (2)(c) states:

> [C]lass C prior felony convictions . . . shall not be included in the offender score if, since the last date of release from confinement (including full-time residential treatment) pursuant to a felony conviction, if any, or entry of judgment and sentence, the offender had spent five consecutive years in the community without committing any crime that subsequently results in a conviction.

69.50.407 states that the penalty for a conspiracy to commit an offense in that chapter may not exceed the penalty for the object of the conspiracy.

We are guided by the Sentencing Reform Act of 1981, specifically, RCW 9.94A.035, and hold that the 2000 controlled substance violation conspiracy conviction is properly classified as a class B felony. And because Pinkney did not spend 10 consecutive years in the community without being convicted of a crime after his 2000 controlled substance violation conspiracy conviction, we further hold that the 2000 controlled substance violation conspiracy conviction does not wash out.

Chapter 69.50 RCW sets forth the Uniform Controlled Substances Act in Washington. Under RCW 69.50.401(1)-(2)(a), a person who manufactures, delivers, or possesses with intent to manufacture or deliver a "controlled substance classified in Schedule I or II which is a narcotic drug . . . is guilty of a class B felony and upon conviction may be imprisoned for not more than ten years." The statute under which Pinkney was convicted in 2000 was the same in all relevant portions. *Compare* RCW 69.50.401(1)-(2)(a) *with* former RCW 69.50.401(a)(1)(i) (1998).[6] RCW 69.50.407 defines "conspiracy" as "[a]ny person who attempts or conspires to commit any offense defined in this chapter is punishable by imprisonment or fine or both which may not exceed the

---

[6] Former RCW 69.50.401 stated:

(a) Except as authorized by this chapter, it is unlawful for any person to manufacture, deliver, or possess with intent to manufacture or deliver, a controlled substance.

(1) Any person who violates this subsection with respect to:

(i) a controlled substance classified in Schedule I or II which is a narcotic drug or flunitrazepam classified in Schedule IV, is guilty of a crime and upon conviction may be imprisoned for not more than ten years.

maximum punishment prescribed for the offense, the commission of which was the object of the attempt or conspiracy."

The Sentencing Reform Act, Title 9.94A RCW, directs how to classify those felonies that are not in the Washington criminal code, Title 9A RCW. RCW 9.94A.035. RCW 9.94A.035 provides:

> For a felony defined by a statute of this state that is not in Title 9A RCW,
>
>         . . .
>
>         (2) If the maximum sentence of imprisonment authorized by law upon a first conviction of such felony is eight years or more, but less than twenty years, such felony shall be treated as a class B felony for purposes of this chapter.

Here, the judgment and sentence from the 2000 controlled substance violation conspiracy conviction stated that Pinkney had been convicted of "conspiracy to deliver a controlled substance," specifically, "cocaine, schedule II," in violation of "[RCW] 69.50.407 and [former] RCW 69.50.401(a)(1)(i)." CP at 99 (emphasis omitted). Accordingly, the object of Pinkney's conspiracy was the class B felony of delivering the schedule II narcotic drug of cocaine, which was punishable by up to 10 years in prison. Former RCW 69.50.401(a)(1)(i) (1998); RCW 69.50.401(1)-(2)(a). Because Pinkney's 2000 controlled substance violation conspiracy conviction was for a felony defined in Title 69 RCW, not in Title 9A RCW, and was punishable by imprisonment of more than 8 years, but less than 20 years, that conviction is treated as a class B felony for the purposes of the Sentencing Reform Act. RCW 9.94A.035.

Class B felonies are not included in offender scores, "if since the last date of release from confinement (including full-time residential treatment) . . . if any, or entry of judgment and sentence, the offender had spent ten consecutive years in the community without committing any

7

crime that subsequently results in a conviction." RCW 9.94A.525(2)(b).[7] Here, the current judgment and sentence shows Pinkney was convicted of several crimes within 10 years of the 2000 controlled substance violation conspiracy. Therefore, the 2000 "controlled substance violation conspiracy" conviction does not wash out.

Thus, an offender score of seven is correctly calculated as follows: one point each for (1) the current bail jumping, (2) the 2015 controlled substance violation, (3) the 2001 assault 2, (4) the 2000 controlled substance violation conspiracy, and (5) the 2013 misdemeanor assault 4-DV; and two points for the 2014 felony VNCO-DV. We hold that that Pinkney fails to demonstrate that the sentencing court erred in assigning an offender score of seven to his current VNCO-DV conviction.

C. OFFENDER SCORE FOR THE CURRENT BAIL JUMPING CONVICTION

Pinkney argues that the correct offender score for his current bail jumping conviction is four points, rather than five. Pinkney calculates an offender score of four for his current bail jumping conviction by arguing that his offender score should consist of one point for the 2015 controlled substance violation, one point for the 2014 felony VNCO-DV, one point for the 2001 assault 2, and one point for the current VNCO conviction, for a total offender score of four. We agree that those four convictions must be counted in his offender score on the current bail jumping conviction. However, consistent with the discussion in Section B, above, Pinkney's 2000

_____

[7] RCW 9.94A.525 provides for the calculation of offender scores. Subsection (2)(b) states:

> Class B prior felony convictions other than sex offenses shall not be included in the offender score, if since the last date of release from confinement (including full-time residential treatment) pursuant to a felony conviction, if any, or entry of judgment and sentence, the offender had spent ten consecutive years in the community without committing any crime that subsequently results in a conviction.

controlled substance violation conspiracy conviction also counts as one point—bringing Pinkney's offender score to five for his current bail jumping conviction. Thus, we hold that Pinkney fails to demonstrate that the sentencing court erred in assigning an offender score of five to his current bail jumping conviction.

D.    INEFFECTIVE ASSISTANCE OF COUNSEL

Pinkney argues, in the alternative, that his defense counsel was ineffective for stipulating to the offender scores. We hold that counsel was not ineffective for stipulating to the offender scores of seven and five for the current VNCO-DV and bail jumping, respectively.

The Sixth Amendment to the United States Constitution and article I, section 22 of the Washington Constitution grant criminal defendants the right to effective assistance of counsel. *Strickland v. Washington*, 466 U.S. 668, 685–86, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984); *State v. Thomas*, 109 Wn.2d 222, 229, 743 P.2d 816 (1987). To establish ineffective assistance of counsel, a defendant must show both deficient performance and resulting prejudice. *State v. McFarland*, 127 Wn.2d 322, 334-35, 899 P.2d 1251 (1995). Deficient performance occurs when counsel's performance falls below an objective standard of reasonableness. *State v. Stenson*, 132 Wn.2d 668, 705, 740 P.2d 1239 (1997), *cert. denied*, 523 U.S. 1008 (1998). To show prejudice, a defendant must demonstrate that there is a reasonable probability that, but for counsel's deficient performance, the result of the proceeding would have been different. *McFarland*, 127 Wn.2d at 335.

Pinkney fails to show that his offender score calculations were incorrect. Because Pinkney is unable to demonstrate that the calculations were incorrect, he cannot show either deficient performance or prejudice, and his ineffective assistance of counsel claim fails. *See State v.*

No. 47859-5-II

*Hendrickson*, 129 Wn.2d 61, 78, 917 P.2d 563 (1996) (stating that failure to establish either deficient performance or prejudice causes a claim of ineffective assistance of counsel to fail).

E.      STATEMENT OF ADDITIONAL GROUNDS (SAG)

Pinkney filed a SAG, challenging his offender score calculation as he did through counsel in the briefing.  For the same reasons discussed above, we hold that Pinkney fails to demonstrate error in the calculation of his offender score.

We affirm.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

_____
Lee, P.J.

We concur:

_____
Melnick, J.

_____
Sutton, J.

10