# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

# DIVISION II

| STATE OF WASHINGTON, | No. 50991-1-II |
|---|---|
| Respondent, | |
| v. | |
| JOHN ADAM BOLLINGER, | UNPUBLISHED OPINION |
| Appellant. | |

WORSWICK, J. — A jury found John Bollinger guilty of third degree assault of a Kitsap County Sheriff's deputy. Bollinger appeals his conviction, arguing that the trial court erred by denying his motion in limine to refer to the deputy as the "alleged victim" rather than "victim" during trial. Bollinger further asserts that the State failed to prove sufficient evidence to support his assault conviction. In his statement of additional grounds (SAG), Bollinger asserts that the trial court erred by imposing a term of confinement and community custody greater than the statutory maximum sentence allowed for his crime.

We affirm Bollinger's conviction because Bollinger was not prejudiced by the trial court's denial of his motion in limine, and because sufficient evidence supports the conviction. However, we hold that the trial court erred by imposing a sentence greater than the statutory maximum sentence allowed for Bollinger's crime. Accordingly, we remand to the trial court for resentencing consistent with RCW 9.94A.701(9).

FACTS

Three Kitsap County sheriff's deputies, Stephen Russell, Drew Linder, and Michael Mezen arrived at Bollinger's residence in order to serve two arrest warrants on Bollinger. The deputies entered the home and encountered Bollinger's locked bedroom door. Upon entering the bedroom, the deputies approached a locked bathroom located inside the bedroom.

After gaining access to the bathroom, Deputy Russell found Bollinger, told him that he had a warrant, and instructed him to come out of the bathroom. Deputy Russell then grabbed Bollinger's arm and told him he was under arrest.

Bollinger then started to struggle and yell profanities at Deputy Russell. The other deputies then entered the bathroom and all three deputies tried to restrain Bollinger, who was struggling.

Bollinger then threw punches toward Deputy Russell with his right arm. Deputy Linder secured Bollinger's right arm. During the struggle, Bollinger's left arm broke free and Bollinger grabbed a towel rack off of the bathroom wall. Bollinger raised the towel rack above his head and began to swing it down toward Deputy Russell. Deputy Linder then restrained Bollinger and the deputies were able to subdue and arrest him.

The State charged Bollinger with one count of third degree assault. Prior to trial, Bollinger moved for an order in limine prohibiting the State from referring to Deputy Russell as the "victim." Verbatim Report of Proceedings (VRP) (Motions) at 7. Bollinger requested that Deputy Russell be referred to as the "alleged victim" during trial. VRP (Motions) at 8. The court denied the request.

At trial, the witnesses testified to the above facts. Deputy Russell testified that Bollinger threw punches at him. Deputy Linder testified that he saw Bollinger grab the towel rack off the wall, raise it above his head, and begin to swing it down toward Deputy Russell. Deputy Mezen testified that he did not see Bollinger try to punch Deputy Russell, but that Bollinger's animosity was directed toward Deputy Russell. Deputy Mezen testified that when he asked Bollinger why he did not comply with the deputies' demands, Bollinger responded saying, "Come on, Mezen. You know I'm not going to go easy." 2 VRP at 105.

The jury received jury instructions before closing arguments. The court instructed the jury that to convict Bollinger of third degree assault, the State must prove the defendant assaulted Deputy Russell. Additionally, the court defined assault in the jury instructions. Jury instruction 6 read:

> An assault is an intentional touching or striking of another person that is harmful or offensive regardless of whether any physical injury is done to the person. A touching or striking is offensive if the touching or striking would offend an ordinary person who is not unduly sensitive.
>
> An assault is also an act done with intent to inflict bodily injury upon another, tending but failing to accomplish it and accompanied with the apparent present ability to inflict the bodily injury if not prevented.

Clerk's Papers (CP) at 33.

During closing arguments, defense counsel twice referred to Deputy Russell as the "alleged victim." 2 VRP at 134, 140. The State did not use the term "victim" at all during the proceedings.

3

The jury found Bollinger guilty of one count of third degree assault. The court sentenced Bollinger to 60 months in confinement and 12 additional months of community custody. Bollinger appeals.

ANALYSIS

I. MOTION IN LIMINE

Bollinger argues that the trial court erred in denying his motion to refer to Deputy Russell as the "alleged victim" rather than "victim." Without citing to the record, Bollinger asserts that throughout the proceedings, Deputy Russell was impermissibly referred to as the "victim" and that this violated his right to a presumption of innocence and "assured the verdict before it was even rendered." Br. of Appellant at 1. We disagree.

We review a trial court's rulings on motions in limine for abuse of discretion. *State v. Powell*, 126 Wn.2d 244, 258, 893 P.2d 615 (1995). A court abuses its discretion if it is exercised on untenable grounds or for untenable reasons. *State v. Ruiz*, 176 Wn. App. 623, 634, 309 P.3d 700 (2013), *review denied*, 179 Wn.2d 1015 (2014). Even if the trial court abuses its discretion, the error is not reversible unless the appellant demonstrates prejudice. *State v. Bourgeois*, 133 Wn.2d 389, 403, 945 P.2d 1120 (1997). We apply the rule that "error is not prejudicial unless, within reasonable probabilities, the outcome of the trial would have been materially affected had the error not occurred." *Bourgeois*, 133 Wn.2d at 403 (quoting *State v. Tharp*, 96 Wn.2d 591, 599, 637 P.2d 961 (1981)).

We need not decide if the trial court erred in denying Bollinger's motion in limine because he provides no citation to the record where Deputy Russell was referred to as a "victim." Moreover, our review of the record shows that the term "victim" was not used during Bollinger's

4

trial other than by defense counsel in closing, when counsel referred to Deputy Russell as the "alleged victim." Because the State never called Deputy Russell the "victim" during the trial, and because defense merely referred to Deputy Russell as the "alleged victim," Bollinger cannot show that he was prejudiced by the trial court's denial of his motion in limine.

## II. SUFFICIENCY OF THE EVIDENCE

Bollinger next argues, again without a single citation to the record, that insufficient evidence supports his conviction for third degree assault. We disagree.

### A. *Sufficiency of the Evidence Principles*

Due process requires the State to prove every element of the charged crimes beyond a reasonable doubt. *State v. Kalebaugh*, 183 Wn.2d 578, 584, 355 P.3d 253 (2015). We review sufficiency of evidence claims for whether, when viewing the evidence in the light most favorable to the State, any rational trier of fact could have found the essential elements of the charged crime beyond a reasonable doubt. *State v. Homan*, 181 Wn.2d 102, 105, 330 P.3d 182 (2014). In a challenge to the sufficiency of the evidence, the defendant admits the truth of the State's evidence and all reasonable inferences that can be drawn from it. *Homan*, 181 Wn.2d at 106. We also "defer to the trier of fact on issues of conflicting testimony, credibility of witnesses, and the persuasiveness of the evidence." *State v. Thomas*, 150 Wn.2d 821, 874-75, 83 P.3d 970 (2004).

### B. *Third Degree Assault*

The court instructed the jury that to convict Bollinger of third degree assault, the State needed to prove that Bollinger assaulted Deputy Russell. The court further instructed that

> [a]n assault is an intentional touching or striking of another person that is harmful or offensive regardless of whether any physical injury is done to the person. A touching or striking is offensive if the touching or striking would offend an ordinary person who is not unduly sensitive.
>
> An assault is also an act done with intent to inflict bodily injury upon another, tending but failing to accomplish it and accompanied with the apparent present ability to inflict the bodily injury if not prevented.

CP at 33.

Here, there is sufficient evidence that Bollinger intended to inflict bodily injury on Deputy Russell. At trial, Deputy Russell testified that Bollinger threw punches at him. Deputy Linder testified that Bollinger grabbed a towel rack off the wall, raised it above his head, and began to swing it down towards Deputy Russell. Deputy Mezen testified that he did not see any punches thrown, but that Bollinger's animosity was directed towards Deputy Russell. He also testified that when he asked Bollinger why he did not comply with the deputies' demands, Bollinger said, "Come on, Mezen. You know I'm not going to go easy." 2 VRP at 105. From this evidence, a rational jury could find that, beyond a reasonable doubt, Bollinger assaulted Deputy Russell.

Bollinger argues that there was not sufficient evidence because the three deputies testified "contrary to each other."[1] Br. of Appellant at 7. However, we defer to the trier of fact on issues of conflicting testimony. *Thomas*, 150 Wn.2d at 874-75.

---

[1] Bollinger also argues that Deputy Russell testified only that Bollinger "was trying" to throw punches, not that they were actually thrown. Br. of Appellant at 7. However, this is contrary to the record. Deputy Russell testified that Bollinger threw punches, not that he just "tried."

Viewing the evidence in the light most favorable to the State, the State presented sufficient evidence that Bollinger intended to assault Deputy Russell, a necessary element of the crime for which the jury convicted Bollinger. Accordingly, we affirm Bollinger's conviction.

### III. STATEMENT OF ADDITIONAL GROUNDS

In his SAG, Bollinger asserts that the trial court erred when it imposed a term of confinement and community custody that when combined, was greater than the statutory maximum for third degree assault. We agree.

Erroneous sentence claims are reviewed de novo. *State v. Hernandez*, 185 Wn. App. 680, 688, 342 P.3d 820 (2015). A sentencing court errs "when it impose[s] a term of confinement plus a term of community custody exceeding the statutory maximum." *Hernandez*, 185 Wn. App. at 688; *see* RCW 9.94A.701(9). Third degree assault is a class C felony. RCW 9A.36.031(2). The maximum term of confinement for a class C felony is 60 months. RCW 9A.20.021(1)(c). RCW 9.94A.701(9) provides: "The term of community custody specified by this section shall be reduced by the court whenever an offender's standard range term of confinement in combination with the term of community custody exceeds the statutory maximum for the crime as provided in RCW 9A.20.021."

Here, the court sentenced Bollinger to 60 months of confinement and also sentenced Bollinger to 12 additional months of community custody. Because the court's imposition of community custody caused Bollinger's sentence to exceed the statutory maximum of 60 months, the trial court erred. Accordingly, we remand for resentencing consistent with RCW 9.94A.701(9).

No. 50991-1-II

In conclusion, we affirm Bollinger's conviction for third degree assault, but remand to the trial court for resentencing.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Worswick, J.

We concur:

Maxa, C.J.

Melnick, J.