# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

STATE OF WASHINGTON ,

Respondent,

v.

GENEROUS SONY,

Appellant.

No. 70769-8-I

DIVISION ONE

PUBLISHED OPINION

FILED: November 17, 2014

APPELWICK, J. – Sony appeals his conviction for residential burglary.  He argues that he was denied the right to a unanimous jury verdict because the evidence was insufficient to support one of the alternative means of committing the crime.  Because residential burglary is not an alternative means crime in the way Sony suggests, we affirm.

## FACTS

On the evening of March 31, 2013, Ashley Gicewicz was doing laundry in the laundry room down the hall from the apartment she shared with her boyfriend, Juan Parrondo.  When Gicewicz finished and returned to the apartment, she neglected to lock the door.  Gicewicz placed the quarters left over from the laundry on the kitchen counter and went to sleep in the bedroom with the couple's three children.  Parrondo fell asleep on the couch watching television.

Around 3:00 a.m., Gicewicz awoke and saw Sony in her bedroom.  Sony left the bedroom and returned three times, saying that he "was sorry," that he "was policia," and that he "believes in God."  Sony asked Gicewicz to give him her hand.  Gicewicz was scared and did not want to wake her children so she buried her face in

the mattress and hoped Sony would leave. She heard Sony go into the kitchen, where she heard what sounded like coins falling on the floor.

Parrondo awoke to the noise in the kitchen. He went into the kitchen and saw Sony. Sony ran out of the apartment and tried to hold the door closed as Parrondo struggled to open the door from the inside. Parrondo was eventually able to open the door and chased Sony down the stairs from the third floor apartment. Police discovered Sony hiding in some bushes on the other side of a chain-link fence that bordered the apartment complex parking lot. Both Gicewicz and Parrondo identified Sony as the man who had been in their apartment. Parrondo discovered that $440 was missing from his wallet, which he had left in the kitchen. Police searched Sony and found exactly $440 on his person. Sony told police, "I'm sorry."

The State charged Sony with residential burglary, alleging that, on April 1, 2013, Sony "enter[ed] and remain[ed] unlawfully in the dwelling of Ashley Gicewicz and Juan Parrondo . . . with intent to commit a crime against a person or property therein."

At trial, Sony testified that on the evening in question he had been very tired and very drunk. He testified that he did not remember entering Gicewicz and Parrondo's apartment or taking any money.

The trial court instructed the jury that to find Sony guilty of residential burglary, the State was required to prove that Sony entered or remained unlawfully in a

-2-

No. 70769-8-I/3

dwelling "with intent to commit a crime against a person or property therein." The jury returned a verdict convicting Sony of residential burglary. Sony appeals.

DISCUSSION

In Washington, criminal defendants have a constitutional right to a unanimous jury verdict. WASH. CONST. art. I, § 21, State v. Ortega-Martinez, 124 Wn.2d 702, 707, 881 P.2d 231 (1994). "This right may also include the right to a unanimous jury determination as to the means by which the defendant committed the crime when the defendant is charged with (and the jury is instructed on) an alternative means crime." State v. Owens, 180 Wn.2d 90, 95, 323 P.3d 1030 (2014). An alternative means crime sets forth "distinct acts that amount to the same crime." State v. Peterson, 168 Wn.2d 763, 770, 230 P.3d 588 (2010). "When a crime can be committed by alternative means, express jury unanimity as to the means is not required where each of the means is supported by substantial evidence." State v. Gonzales, 133 Wn. App. 236, 243, 148 P.3d 1046 (2006). However, if the evidence is insufficient to support each of the means, a particularized expression of jury unanimity is required. Ortega-Martinez, 124 Wn.2d at 707-08.

A person is guilty of residential burglary if, "with intent to commit a crime against a person or property therein, the person enters or remains unlawfully in a dwelling other than a vehicle." RCW 9A.52.025. Sony argues that "with intent to commit a crime against a person" and "with intent to commit a crime against property" are alternative means of committing residential burglary. He argues that his

constitutional right to a unanimous verdict was violated because (1) the State did not elect a particular means and the trial court did not instruct the jury that it must reach unanimous agreement as to the means, and (2) the evidence was insufficient to show that he intended to commit a crime against a person.

While residential burglary is an alternative means crime, the alternative means are not those that Sony suggests. "The analysis of whether the legislature intended a crime to have alternative means of commission focuses on the act that constitutes the offense." State v. Huynh, 175 Wn. App. 896, 904, 307 P.3d 788, review denied, 179 Wn.2d 1007, 315 P.3d 531 (2013). There are two distinct physical acts that amount to residential burglary: (1) unlawfully entering a building with intent to commit a crime, or (2) unlawfully remaining in a building with intent to commit a crime. RCW 9A.2d.025. These constitute the alternative means of committing burglary. Gonzales, 133 Wn. App. at 243. The different intents which may be present—"to commit a crime against a person" or "to commit a crime against property"—are not distinct acts and therefore do not constitute alternative means of committing residential burglary. See Huynh, 175 Wn. App. at 905-6 ("An element dealing with a defendant's subjective mental state generally cannot be the subject of an alternative means analysis."). Rather, "[t]he intent required by our burglary statutes is simply the intent to commit any crime against a person or property inside the burglarized premises." State v. Bergeron, 105 Wn.2d 1, 4, 711 P.2d 1000 (1985). The "specific crime or crimes intended to be committed inside burglarized premises is not an

-4-

No. 70769-8-I/5

burglary that must be included in the information, jury instructions[,] or in the trial court's findings and conclusions." Id.

Sony's reliance on State v. Tresenriter, 101 Wn. App. 486, 4 P.3d 145 (2000) is misplaced. In Tresenriter, the information narrowly charged that the defendant entered or remained unlawfully with "'intent to commit a *crime against a person therein*,'" but the jury was instructed that they had to find the defendant entered or remained unlawfully "'with the intent to commit a crime against a person or property therein.'" Id. Division Two of this court reversed the defendant's conviction, holding the charging document was constitutionally defective. Id. at 492. In explanation, it stated, "The State, by not charging the alternative means of committing a burglary, i.e., with intent to commit a crime against property, did not provide Tresenriter with the necessary notice." Id. But, the issue presented in Tresenriter was whether the charging document satisfied due process. Id. at 491. In addressing the issue, the court accepted the defendant's characterization of "intent to commit a crime against a person" as an alternative means without analysis. The statement upon which Sony relies is dicta, and we decline to adopt it.[1]

Because Sony has failed to establish that "with intent to commit a crime against a person" and "with intent to commit a crime against property" are alternative

_____

[1] We note that Division Two, in an unpublished opinion, has since clarified its holding in Tresenriter, stating that it "did not intend to imply a reading of the burglary statute that would create alternative means of commission based solely on differing intents." State v. Pierce, noted at 135 Wn. App. 1014, 2006 WL 2924475, at *6.

No. 70769-8-I/6

means of committing residential burglary, Sony's right to a unanimous verdict was not violated. We affirm.

Appelwick, J.

WE CONCUR:

Leach, J.                    Schindler, J.