# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

|                          |   |                          |
|--------------------------|---|--------------------------|
| STATE OF WASHINGTON,     | ) | No. 75114-0-I            |
|                          | ) |                          |
| Respondent,              | ) | DIVISION ONE             |
|                          | ) |                          |
| v.                       | ) |                          |
|                          | ) |                          |
| PALWINDER SINGH,         | ) | UNPUBLISHED              |
|                          | ) |                          |
| Appellant.               | ) | FILED: September 18, 2017 |
|                          | ) |                          |

COX, J. – Palwinder Singh appeals his convictions for residential burglary, two counts of felony violation of a court order, and third degree assault. Contrary to Singh's assertions, the jury did not have to be unanimous as to the means by which he committed residential burglary. But the sentencing court failed to identify, and the State failed to prove, the criminal history supporting Singh's sentence. We therefore affirm Singh's convictions but reverse his sentence and remand for resentencing consistent with this opinion.

Based on allegations that Singh repeatedly violated a no-contact order and assaulted his estranged wife and several family members, the State charged him with third-degree assault of his sister, fourth-degree assault of his mother, third-degree malicious mischief, residential burglary, and three counts of felony violation of a court order.

At trial, Singh's wife, Jaspal Kaur, testified that Singh struggled with drug and alcohol abuse for years and resisted his family's efforts to help him. The couple eventually separated, and in 2014 Kaur obtained a no-contact order against Singh. The order prohibited him from coming within 1,000 feet of Kaur and her home. Singh repeatedly violated the order, resulting in several misdemeanor convictions.

Kaur testified that in late April 2015, Singh twice appeared at her home, but ran away when she called police. In July 2015, he entered Kaur's house through the back door. He was angry, intoxicated, and calling Kaur "dirty names." He grabbed her by her hair, kicked her, and threw her onto a sofa. He slapped her and struck her in the head with her bangle. Singh's sister and parents, who lived with Kaur, tried to intervene, but Singh told his sister "Get out of my way. You know, it's between me and my wife." When Singh's sister told him she was calling the police, he started to leave. She tried to stop him by grabbing his shirt, but he bit her hand until she kicked him in the groin. As he left, Singh pushed his mother to the ground and stepped on her chest.

Singh testified at trial and denied being at Kaur's home in late April or July 2015. He also denied assaulting Kaur or his sister and mother. He admitted knowing that the no-contact order prohibited him from communicating with Kaur or going to her house.

The jury found Singh guilty of residential burglary, third-degree assault of his sister, and two felony violations of a court order for the July 2015 incident and

one of the April 2015 incidents. The jury acquitted him on the charge of assaulting his mother and deadlocked on one count of felony violation of a court order. The court dismissed the latter count and the malicious mischief charge.

Prior to sentencing, the State calculated Singh's offender scores on the assault, felony violations of a court order, and burglary counts as 14, 14, and 15, respectively. The defense calculated the scores as 11, 11, and 13. At sentencing, the State conceded defense counsel's offender scores were correct.

The court imposed a DOSA sentence consistent with the parties' recommendations. The judgment and sentence mirrored the offender scores and sentencing ranges provided by the defense.

Singh Appeals.

## UNANIMITY

Criminal defendants in Washington are entitled to a unanimous jury.[1] If the State presents evidence of *multiple acts* that could each form the basis of a charged count, either the State must tell the jury which act it is relying on, or the court must instruct the jury to unanimously agree on the criminal act.[2] No election or instruction is required, however, if the multiple acts are part of a continuing course of conduct.[3] The right to a unanimous verdict may also apply

---

[1] State v. Ortega-Martinez, 124 Wn.2d 702, 707, 881 P.2d 231 (1994).

[2] State v. Crane, 116 Wn.2d 315, 325, 804 P.2d 10 (1991), *overruled on other grounds by* In re Pers. Restraint of Andress, 147 Wn.2d 602, 56 P.2d 981 (2002).

[3] State v. Handran, 113 Wn.2d 11, 17, 775 P.2d 453 (1989).

to *alternative means* of committing a crime.[4] While there is no "categorical right" to unanimity in alternative means cases,[5] "there are particular situations when express unanimity is required, specifically when at least one means lacks sufficient evidentiary support."[6] If, however, there is sufficient evidence to support each means, there is no right to express unanimity.[7]

Relying in part on our decision in State v. Sony,[8] Singh contends the State presented the jury with evidence of *multiple acts* of residential burglary — *i.e.*, unlawful entering and unlawful remaining with intent to commit a crime – and that the State's failure to make an election or provide a unanimity instruction violated his right to a unanimous verdict. Although the State agrees with Singh that multiple acts analysis applies in this case, it acknowledges our statement in Sony that unlawful entering and unlawful remaining are "alternative means" of committing residential burglary.[9] Curiously, while arguing that this statement in Sony is dicta, the State fails to acknowledge Sony's reliance on our earlier holding to the same effect in State v. Gonzales.[10] In any event, the State argues

---

[4] State v. Woodlyn, 188 Wn.2d 157, 164, 392 P.3d 1062 (2017).

[5] Id.

[6] Id.

[7] Id.

[8] 184 Wn. App. 496, 337 P.3d 397 (2014).

[9] Id. at 500.

[10] 133 Wn. App. 236, 243, 148 P.3d 1046 (2006) ("There are two alternative means to commit burglary: unlawfully entering a building with intent to commit a crime, or unlawfully remaining in a building with intent to commit a crime.").

alternatively that the present case is distinguishable from any case applying alternative means analysis to residential burglary and that a multiple acts analysis must be applied. We need not resolve whether alternative means or multiple acts analysis applies in this case because there was no violation of Singh's right to a unanimous verdict in either case.

## Alternative Means

If unlawful entry with intent to commit a crime against a person or property and unlawful remaining with the same intent were alternative means of committing residential burglary under the facts in this case, Singh had no right to a unanimous verdict if both means were supported by sufficient evidence.[11] Evidence is sufficient if, after viewing it in a light most favorable to the State, any rational trier of fact could find beyond a reasonable doubt the elements of the crime proven.[12] A claim of insufficiency admits the truth of the State's evidence and all reasonable inferences drawn from that evidence.[13] Circumstantial evidence and direct evidence carry equal weight.[14] We defer to the trier of fact on issues of conflicting testimony, witness credibility, and persuasiveness of the evidence.[15]

---

[11] Woodlyn, 188 Wn.2d at 164.

[12] State v. Salinas, 119 Wn.2d 192, 201, 829 P.2d 1068 (1992).

[13] Id.

[14] State v. Delmarter, 94 Wn.2d 634, 638, 618 P.2d 99 (1980).

[15] State v. Camarillo, 115 Wn.2d 60, 71, 794 P.2d 850 (1990).

To convict Singh of *both* means of committing residential burglary, the State had to prove beyond a reasonable doubt that, with intent to commit a crime against a person or property, he entered *and* remained unlawfully in the residence without authorization.[16] The State presented evidence that Singh entered and remained in Kaur's residence in violation of a no-contact order that prohibited him from coming within 1,000 feet of that residence. The evidence also supported inferences that Singh unlawfully entered and remained *with the intent* to violate a no-contact order. In addition, the evidence supported an inference that he remained with the intent to commit an assault against Kaur. When viewed in a light most favorable to the State, the evidence was sufficient for a rational trier of fact to find beyond a reasonable doubt the elements of the alternative means.[17]

### Multiple Acts

Where a jury is presented with multiple acts supporting the same offense, jury unanimity is required unless the acts are part of a continuing course of conduct.[18] In determining whether acts formed a continuing course of conduct, "we evaluate the facts in a commonsense manner, considering (1) the time

---

[16] State v. Spencer, 128 Wn. App. 132, 136-43, 114 P.3d 1222 (2005).

[17] Id. (finding both means of committing residential burglary supported by sufficient evidence where defendant entered and remained in violation of no-contact order and did so with intent to violate the no-contact order). See also State v. Stinton, 121 Wn. App. 569, 576, 89 P.3d 717 (2004) ("Given the requirement that we broadly interpret the 'intent to commit a crime therein' element of residential burglary, we hold that a violation of a protection order provision can serve as a predicate crime for residential burglary.").

[18] Handran, 113 Wn.2d at 17.

separating the criminal acts and (2) whether the criminal acts involved the same parties, location, and ultimate purpose."[19] Here, Singh unlawfully entered Kaur's residence. He immediately and angrily started calling her names, grabbed her by the hair, and repeatedly assaulted her. When his sister tried to intervene, he bit her hand for two minutes, continued to grab Kaur's hair, and said "it's between me and my wife." We agree with the State's assertion that Singh's unlawful "entering and remaining occurred at the same time and place and [were] intended to secure the same objective; to have prohibited contact with the same victim, [Kaur]." Viewed in a commonsense manner, the unlawful entering and unlawful remaining were part of a continuing course of conduct and unanimity was not required.[20]

Singh's claims that the State "conceded there was no substantial evidence that [he] unlawfully entered with the intent to commit a crime" and "elected to base the burglary on his conduct with his family and not his . . . conduct with his wife" are not supported by the record. Furthermore, as the prosecutor correctly pointed out to the jury, the State did not "have to prove what

---

[19] State v. Brown, 159 Wn. App. 1, 14, 248 P.3d 518, 523-24 (2010).

[20] See Spencer, 128 Wn. App. at 136-39; State v. Brown, 159 Wn. App. at 12-15 (continuing course of conduct exception applied to multiple violations of no-contact order where time separating the violations was short, and the violations involved the same victim, locations, and ultimate purpose – i.e., to contact and confront the victim).

Mr. Singh's motive was about entering the house."[21]

## OFFENDER SCORE

Singh next contends that, contrary to RCW 9.94A.500(1) and RCW 9.94A.525(21), the court did not list the criminal history on which the court relied and the record includes no proof that any prior offenses were crimes of domestic violence. He further contends the State failed to provide the sentencing court with evidence of the prior convictions. He concludes his sentence "should be vacated and a new sentencing hearing held at which he receives the correct offender score, as proved by the State and found by the court."

The State counters that Singh affirmatively acknowledged his criminal history when he proposed offender scores for the various counts, and thereby relieved the State of its obligation to prove his criminal history. The State concedes that the court erred in failing to specify the prior convictions it found to exist and that remand for amendment of the judgment and sentence is necessary. We agree with Singh.

It is the State's burden to prove prior convictions at sentencing by a preponderance of the evidence.[22] The State is relieved of that burden *only* if the defendant "affirmatively acknowledges" the "facts and information" the State

---

[21] RP 414; State v. Bergeron, 105 Wn.2d 1, 16, 711 P.2d 1000 (1985) (the State is not required to prove a specific crime the defendant intended to commit in order to prove burglary).

[22] State v. Hunley, 175 Wn.2d 901, 909-10, 287 P.3d 584 (2012).

introduces regarding criminal history.[23] Acknowledgment of the *offender score* is not an affirmative acknowledgment of *the facts and information* regarding criminal history.[24] Furthermore, RCW 9.94A.500(1) requires the sentencing court to specify the convictions it found to exist and used in calculating the offender score, and RCW 9.94A.525(21) authorizes the court to count two points for certain offenses "where domestic violence as defined in RCW 9.94A.030 was pleaded and proven."

Although Singh acknowledged his offender score, he never affirmatively acknowledged his criminal history. The State was therefore not relieved of its burden to prove Singh's criminal history. It is undisputed that the State failed to present *evidence* of Singh's criminal history at sentencing. It is also undisputed that the sentencing court failed to identify the criminal history it relied on as required by RCW 9.94A.500(1), and that the evidence at sentencing did not demonstrate that domestic violence was pleaded and proven in any of the prior convictions.

---

[23] State v. Mendoza, 165 Wn.2d 913, 929, 205 P.3d 113 (2009), *disapproved of on other grounds by* State v. Jones, 182 Wn.2d 1, 338 P.3d 278 (2014).

[24] State v. Ramirez, 190 Wn. App. 731, 734, 359 P.3d 929 (2015) (acknowledgment of offender score does not relieve State of its burden to prove criminal history because it does not acknowledge facts and information underlying the score); cf. State v. Lucero, 168 Wn.2d 785, 789, 230 P.3d 165 (2010) ("A defendant's affirmative acknowledgment of his offender score does not relieve the State of its burden of proving the comparability of out-of-state offenses.").

No. 75114-0-I/10

We reverse Singh's sentence and remand for resentencing consistent with this opinion. Because the State "does not intend to seek appellate costs," we need not reach Singh's argument that he lacks the ability to pay them.

_____
Cox, J.

WE CONCUR:

_____          _____
Spearman, J.                                              Schindler, J.