IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION ONE

| | | |
|---|---|---|
| In the Matter of Personal Restraint of | ) | No. 82211-0-I |
| | ) | |
| | ) | |
| | ) | |
| CHARLES RANDALL TURNER, SR. | ) | UNPUBLISHED OPINION |
| | ) | |
| | ) | |

VERELLEN, J. — Charles Turner petitions for relief from personal restraint resulting from his convictions of residential burglary and felony violation of a domestic violence no-contact order. He contends the charging document failed to include all the elements of felony violation of a court order and he was deprived of the right to a unanimous jury verdict. We reject his claims and deny the petition.

FACTS

In 2016, although a domestic violence no-contact order prohibited contact with his spouse, Lisa Turner, Charles Turner moved into the apartment Lisa shared with Gary White.[1] In April 2017, Turner and Lisa had an argument which turned

_____

[1] Our unpublished decision in Turner's direct appeal sets forth the factual background. State v. Turner, No. 77963-0-I, slip op. at 1 (Wash. Ct. App. August 5, 2019) (unpublished), http://www.courts.wa.gov/opinions/pdf/779630.pdf. The parties also refer to the record from Turner's prior direct appeal, which is accessible to us.

violent.[2]  Turner assaulted Lisa with a knife and then turned on White with the knife. Both Lisa and Turner sustained injuries.

The State charged Turner with assault in the second degree (of Lisa), residential burglary, and felony violation of a domestic violence no-contact order.   A jury acquitted Turner of assault but convicted him of residential burglary and violation of a no-contact order and determined that Turner was armed with a deadly weapon when he committed both crimes.  The court sentenced Turner to life without the possibility of parole as a persistent offender.  This court affirmed Turner's convictions on appeal but remanded for the sentencing court to strike improperly imposed fees. Turner then filed a timely petition for collateral relief.

## ANALYSIS

Relief by means of a collateral challenge to a conviction is extraordinary, and a petitioner must meet a high standard before this court will disturb an otherwise settled judgment.[3]  A petitioner has the burden of demonstrating error and, if the error is constitutional, actual and substantial prejudice.[4]  If the error is not constitutional, the petitioner must show that the error represents a "'fundamental defect . . . that inherently resulted in a complete miscarriage of justice.'"[5]

---

[2] Because the petitioner and Lisa Turner share the same last name, we refer to Turner's spouse by her first name for clarity.

[3] In re Pers. Restraint of Coats, 173 Wn.2d 123, 132, 267 P.3d 324 (2011).

[4] In re Pers. Restraint of Sandoval, 189 Wn.2d 811, 821, 408 P.3d 675 (2018) (quoting id.).

[5] Id. (quoting In re Pers. Restraint of Finstad, 177 Wn.2d 501, 506, 301 P.3d 450 (2013)).

Charging Document

Under the Sixth Amendment to the United States Constitution and article I, section 22 of the Washington Constitution, "[a]ccused persons have the constitutional right to know the charges against them."[6] To be constitutionally sufficient, an information must state "every essential statutory and nonstatutory element of the crime."[7]

Turner challenges the sufficiency of the charging document. Specifically, he contends the amended information failed to allege that he willfully violated the no-contact order and therefore, failed to apprise him of the elements of the crime.[8] But Turner does not allege, much less demonstrate, that that he was actually and substantially prejudiced by the claimed omission.

Citing decisions involving challenges to charging documents on direct appeal, State v. Kjorsvik,[9] and State v. Brown,[10] Turner argues that whether the defective charging document resulted in prejudice is immaterial and that his conviction must be vacated even absent such a showing. But the actual and substantial prejudice standard applies here. In In re Personal Restraint of St. Pierre, the Washington

---

[6] State v. Pry, 194 Wn.2d 745, 751, 452 P.3d 536 (2019).

[7] Id.

[8] See State v. Washington, 135 Wn. App. 42, 49, 143 P.3d 606 (2006) (willful violation of a court order has three essential elements: (1) willful contact with another, (2) that a valid no-contact order prohibits, and (3) the defendant's knowledge of the order) (quoting State v. Clowes, 104 Wn. App. 935, 944, 18 P.3d 596 (2001); see also RCW 10.99.050(2)(a) (in order to be punishable, violation of court order must be willful).

[9] 117 Wn.2d 93, 102, 812 P.2d 86 (1991).

[10] 169 Wn.2d 195, 198, 234 P.3d 212 (2012).

Supreme Court held that a defective charging document is not presumptively prejudicial on collateral review.[11] While some constitutional errors are never considered harmless on direct appeal, those errors are not likewise presumed prejudicial if raised in a personal restraint petition because a personal restraint petition does not "operate as a substitute for a direct appeal."[12] The availability of collateral relief is limited "because it undermines the principles of finality of litigation, degrades the prominence of trial, and sometimes deprives society of the right to punish admitted offenders."[13] Our courts have adhered to this principle of finality when a petitioner has argued that a conclusive presumption of prejudice exists on collateral review.[14] Because Turner fails to make the required showing of actual and substantial prejudice, his claim fails.[15]

---

[11] 118 Wn.2d 321, 329, 823 P.2d 492 (1992).

[12] Id. at 328.

[13] Id. at 329.

[14] See In re Pers. Restraint of Coggin, 182 Wn.2d 115, 120, 340 P.3d 810 (2014) (violation of the right to a public trial is not conclusively prejudicial on collateral review).

[15] Turner also asserts that appellate counsel was constitutionally deficient for failing to challenge the sufficiency of the charging document on direct appeal. But he raises this claim for the first time in his reply brief, to which the State has no opportunity to respond. Generally, claims raised for first time in a reply brief are too late for this court's consideration. See In re Pers. Restraint of Peterson, 99 Wn. App. 673, 681, 995 P.2d 83 (2000) (declining to address issue raised in reply to which respondent had no opportunity to respond). And the rules of appellate procedure applicable to personal restraint petitions do not provide for a "relating back" procedure analogous to that under the civil rules or allow a petitioner to later add untimely claims. See In re Pers. Restraint of Benn, 134 Wn.2d 868, 952 P.2d 116 (1998). We decline to consider the untimely claim of ineffective assistance of counsel on direct appeal raised for the first time in the reply brief. Therefore, the State's motion to strike portions of Turner's reply brief will be placed in the file without further action.

Jury Unanimity

Criminal defendants have a right to a unanimous jury verdict.[16] As to his residential burglary conviction, Turner asserts that he was deprived of jury unanimity because 1) residential burglary is an alternative means crime and there was no unanimity as to the means, and 2) the State presented evidence of multiple acts that could have supported his conviction and failed to instruct the jury that it needed to unanimously agree on a specific act.

An alternative means offense is one in which the statute defining the offense proscribes criminal conduct that can be proved in multiple ways.[17] A defendant charged with an alternative means crime is entitled to a unanimous jury determination as to the specific means by which he or she committed the offense.[18] If there is no unanimity instruction, the State must present sufficient evidence to support each alternative means.[19]

Under RCW 9A.52.025(1), "A person is guilty of residential burglary if, with intent to commit a crime against a person or property therein, the person enters or remains unlawfully in a dwelling other than a vehicle." Contrary to Turner's claim, the residential burglary statute does not create alternative means by requiring proof that the defendant intended to commit "a crime."[20] Although there is disagreement

---

[16] State v. Sandholm, 184 Wn.2d 726, 732, 364 P.3d 87 (2015) (citing WASH. CONST., art. I, § 21).

[17] State v. Barboza-Cortes, 194 Wn.2d 639, 643, 451 P.3d 707 (2019).

[18] State v. Owens, 180 Wn.2d 90, 95, 323 P.3d 1030 (2014).

[19] Id.

[20] State v. Sony, 184 Wn. App. 496, 500, 337 P.3d 397 (2014) ("The different intents that may be present—"to commit a crime against a person" or "to

among the divisions of the Court of Appeals as to whether "enters unlawfully" and "remains unlawfully" constitute alternative means of committing residential burglary, this conflict does not affect the analysis of Turner's claim.[21] Turner does not rely on the "enters or remains unlawfully" language. In any event, there is sufficient evidence in the record that Turner entered the residence unlawfully because Lisa lived there and a court order excluded Turner from her residence.[22] There is also sufficient evidence in the record that Turner remained unlawfully after both Lisa and White asked him to leave.[23]

When the evidence indicates that multiple distinct criminal acts have been committed, but the defendant is charged with only one count of criminal conduct, unanimity is protected if the State elects to rely on one act or the trial court instructs the jury that it must unanimously agree on the underlying criminal act.[24]

Turner claims he was deprived of a unanimous jury verdict here because it is impossible to tell from the jury's verdict whether the jury unanimously concluded that he committed residential burglary by assaulting Lisa, by assaulting White, or by violating the no-contact order. But it was not necessary for the jury to conclude that he committed any of these acts. The residential burglary statute required only proof

---

commit a crime against property"—are not distinct acts and therefore do not constitute alternative means of committing residential burglary.")

[21] See id. (alternative means); State v. Smith, 17 Wn. App. 2d 146, 157, 484 P.3d 550 (2021) (not alternative means).

[22] See Turner, slip op. at 3; see also State v. Sanchez, 166 Wn. App. 304, 310, 271 P.3d 264 (2012).

[23] Report of Proceedings (Oct. 17, 2017) at 243, 276.

[24] State v. Petrich, 101 Wn.2d 566, 572, 683 P.2d 173 (1984).

that Turner intended to commit a crime.  And, to the extent Turner suggests that the jury might have differed as to what crime he intended to commit, the jury was, in fact, specifically instructed that "intent to commit a <u>particular</u> crime" had to be proved beyond a reasonable doubt and that the jury had to "<u>unanimously agree</u> that the intent to commit that particular crime was proved."[25]  Under these circumstances, Turner was not deprived of a unanimous jury verdict.

Turner fails to meet his burden to establish a constitutional error resulting in actual and substantial prejudice or a nonconstitutional error representing a fundamental defect that resulted in a complete miscarriage of justice.  The petition is denied.

_____

WE CONCUR:

_____        _____

---

[25] Pers. Restraint Petition, Appendix 5 (emphasis added).  Turner argues that the unanimity instruction provided in this case was insufficient because the jury did not answer a special verdict to specify the crime he intended to commit. He cites no authority indicating that a special verdict is required, and we presume that a jury follows its instructions. <u>See</u> <u>State v. Stein</u>, 144 Wn.2d 236, 247, 27 P.3d 184 (2001).