240 P.3d 1158 (2010)
STATE of Washington, Respondent,
v.
Laura Baker MOEURN, Petitioner.
No. 82995-1.
Supreme Court of Washington, En Banc.
Argued July 1, 2010.
Decided October 7, 2010.
*1159 Gregory Charles Link, Washington Appellate Project, Seattle, WA, for Petitioner.
Kraig Christian Newman, Grays Harbor County Prosecutor's Office, Montesano, WA, for Respondent.
ALEXANDER, J.
¶ 1 We granted review of a decision of the Court of Appeals upholding Laura Moeurn's sentence for second degree assault. Moeurn contends that the trial court miscalculated his offender score and that the Court of Appeals, therefore, erred in affirming his sentence. We reverse the Court of Appeals and remand for resentencing.
¶ 2 On January 13, 2007, Laura Moeurn hit Clayton Wenger in the back of the head with a piece of lumber during a fight outside the Captain's Corner bar in the city of Aberdeen. The State charged Moeurn with committing second degree assault while armed with a deadly weapon. A jury found Moeurn guilty as charged. At sentencing, the trial court determined that Moeurn's criminal history included a 1995 juvenile adjudication of attempted second degree assault. Based on the inclusion of the juvenile offense in Moeurn's criminal history, the trial court calculated Moeurn's offender score as 2.[1] This had the effect of increasing the standard sentence range. The trial court then imposed a standard range sentence of 12 months for the assault, together with a 12-month deadly weapon enhancement.
¶ 3 Moeurn appealed his conviction and sentence, arguing that (1) the evidence was insufficient to prove that he was the assailant, (2) prosecutorial misconduct deprived him of a fair trial, and (3) and the trial court miscalculated his offender score by including the 1995 juvenile adjudication of attempted second degree assault. Although the State conceded the offender score issue, see Br. of Resp't at 10, the Court of Appeals rejected the State's concession of error and upheld Moeurn's sentence as well as the conviction. State v. Moeurn, noted at 148 Wash.App. 1030, 2009 WL 242909, at *6. In affirming the sentence, it interpreted RCW 9.94A.525(4) as directing sentencing courts to regard anticipatory offenses as completed offenses for purposes of classifying prior convictions. This led to its conclusion that Moeurn's juvenile adjudication of attempted second degree assault should be classified as a class B felony, subject to a 10-year "washout" rule rather than the five-year washout rule applicable to class C felonies.
*1160 ¶ 4 Moeurn petitioned this court for review of the Court of Appeals decision, and we granted review of the offender score issue only. State v. Moeurn, 166 Wash.2d 1024, 217 P.3d 335 (2009); Wash. Supreme Court Order, State v. Moeurn, No. 82995-1 (Sept. 9, 2009). We review a sentencing court's calculation of an offender score de novo. State v. Bergstrom, 162 Wash.2d 87, 92, 169 P.3d 816 (2007).
¶ 5 Moeurn argues here, as he did at the Court of Appeals, that his 1995 juvenile adjudication of attempted second degree assault was subject to the five-year washout rule and thus should not have been included in his offender score. In that regard, former RCW 9.94A.525(2) (2006) provided that a prior class C felony conviction other than a sex offense shall not be included in the offender score if, since the last date of release from confinement pursuant to a felony conviction, or entry of judgment and sentence, the offender had spent five consecutive years in the community without committing a crime that subsequently resulted in a conviction. On the other hand, a prior class B felony conviction other than a sex offense is not to be included in an offender score if the offender had spent 10 consecutive years in the community without committing a crime.[2]Id. Significantly, the parties agree that Moeurn's juvenile offense, attempted second degree assault, is a class C felony and that Moeurn spent five years in the community without committing a crime. Indeed, as noted above, the State has conceded throughout that Moeurn's juvenile offense should not have been counted in calculating Moeurn's offender score. See Br. of Resp't at 10.
¶ 6 In holding that the trial court properly included Moeurn's 1995 juvenile adjudication in the calculation of his offender score, the Court of Appeals relied on RCW 9.94A.525(4), which directs courts to "[s]core prior convictions for felony anticipatory offenses (attempts, criminal solicitations, and criminal conspiracies) the same as if they were convictions for completed offenses." It reasoned that Moeurn's attempted second degree assault counted as a class B felony instead of a class C felony for offender score purposes, and, consequently, the offense would have washed out only if he had spent 10 consecutive years in the community without a criminal conviction.[3] The question before us is whether anticipatory offenses should count as completed offenses for purposes of RCW 9.94A.525(2)'s washout rules.
¶ 7 We begin with the text of the statute because if a statute is clear on its face, its meaning is to be derived from the language of the statute alone. State v. Jones, 168 Wash.2d 713, 722, 230 P.3d 576 (2010). Former RCW 9.94A.525 provided in pertinent part:
The offender score is the sum of points accrued under this section rounded down to the nearest whole number.
(1) A prior conviction is a conviction which exists before the date of sentencing for the offense for which the offender score is being computed....
(2) Class A and sex prior felony convictions shall always be included in the offender score. Class B prior felony convictions other than sex offenses shall not be included in the offender score, if since the last date of release from confinement ... pursuant to a felony conviction ... or entry of judgment and sentence, the offender had spent ten consecutive years in the community without committing any crime that subsequently results in a conviction. Class C prior felony convictions other than sex offenses shall not be included in the offender score if, since the last date of release from confinement ... pursuant to a felony conviction ... or entry of judgment and sentence, the offender had spent five consecutive years in the community without committing any crime that subsequently *1161 results in a conviction.... This subsection applies to both adult and juvenile prior convictions.
....
(4) Score prior convictions for felony anticipatory offenses (attempts, criminal solicitations, and criminal conspiracies) the same as if they were convictions for completed offenses.
....
(8) If the present conviction is for a violent offense ... count two points for each prior adult and juvenile violent felony conviction, one point for each prior adult nonviolent felony conviction, and 1/2 point for each prior juvenile nonviolent felony conviction.
(Emphasis added.) Nothing in the language of RCW 9.94A.525(4) suggests that the legislature wanted courts to apply different washout rules, as opposed to scoring rules, to anticipatory offenses. We say that because subsection (4) speaks of "scor[ing]" prior convictions and no discernible "scoring" is to take place under subsection (2). Rather, under that portion of the statute, prior convictions are to be "included" or excluded. They are not to be given a value or added together.
¶ 8 Viewing the statutory scheme as a whole, we believe that the legislature intended the rules for calculating offender scores to be applied in the order in which they appear. In that regard, subsection (1) defines a "prior conviction," and subsection (2) explains how to sift through the prior convictions in order to eliminate those that wash out. Subsections (7) through (18) then provide specific rules regarding the actual calculation of offender scores, instructing courts to "count" the prior offenses by assigning different numerical values to the prior offenses. For example, if the current conviction is for a violent offense, subsection (8) directs courts to "count two points" for each prior adult or juvenile violent felony conviction, one point for each prior adult nonviolent felony conviction, and 1/2 point for each prior juvenile nonviolent felony conviction. Thus, in broad outline, the offender score statute has three steps: (1) identify all prior convictions; (2) eliminate those that wash out; (3) "count" the prior convictions that remain in order to arrive at an offender score. Notably, subsection (4), directing courts to "[s]core" anticipatory offenses the same as completed offenses, follows the washout step, but precedes the "counting" step. The logical inference is that "[s]core" in subsection (4) relates to the third step. When the offender score rules are applied sequentially, as we believe they should be, class C anticipatory offenses will wash out before they can be scored as a completed offense pursuant to subsection (4).
¶ 9 If this conclusion is implicit in the statutory scheme, the Sentencing Guidelines Commission has made it explicit. The Adult Sentencing Guidelines Manual provides: "Once relevant prior convictions are identified, the criminal history portion of the offender score may be calculated." STATE OF WASH. SENTENCING GUIDELINES COMM'N, ADULT SENTENCING GUIDELINES MANUAL, at I-13 (2008) (emphasis added). In sum, a conviction that has washed out is not relevant to the calculation of an offender score. The Court of Appeals wrongly reversed the order by "scoring" a prior conviction before determining if it had washed out. This approach is contrary to the statutory scheme.

Conclusion
¶ 10 We reverse the Court of Appeals and remand for resentencing consistent with this opinion.
WE CONCUR: BARBARA A. MADSEN, Chief Justice, CHARLES W. JOHNSON, RICHARD B. SANDERS, TOM CHAMBERS, SUSAN OWENS, MARY E. FAIRHURST, JAMES M. JOHNSON, and DEBRA L. STEPHENS, Justices.
NOTES
[1] RCW 9.94A.525(8) directs courts to count two points for each prior juvenile violent felony conviction.
[2] The 10-year rule applicable to class B felonies and the five-year rule applicable to class C felonies have been recodified as RCW 9.94A.525(2)(b) and (c), respectively.
[3] Although approximately 12 years elapsed between Moeurn's 1995 juvenile adjudication and the current offense, Moeurn was unable to show that he had spent 10 consecutive years in the community without committing a crime. The State established at sentencing that Moeurn was convicted in February 1997 of driving without a valid operator's license.