2015 SEP 21 AM 8:44



IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 72246-8-I |
| Respondent, | ) ) | |
| | ) | DIVISION ONE |
| v. | ) ) | |
| MANUEL R. RAMIREZ, | ) | UNPUBLISHED OPINION |
| Appellant. | ) ) | FILED: September 21, 2015 |

BECKER, J. — Manuel Ramirez appeals his judgment and sentence, challenging the calculation of his offender score and the imposition of a 12-month term of community custody. Because the findings of fact on criminal history do not support Ramirez's offender score, we reverse and remand for resentencing.

On December 7, 2012, the King County Superior Court entered an order prohibiting Ramirez from coming within 1,000 feet of his mother or her residence. Two months later, on February 13, 2014, two King County Sheriff's deputies saw Ramirez standing in the road at the end of his mother's driveway, which was "well within" 1,000 feet of her house.

Following this incident, the State charged Ramirez with domestic violence felony violation of a court order. Ramirez waived his right to counsel and his right to a jury trial. After a bench trial, the court found Ramirez guilty as charged.

The case proceeded to sentencing. The court found that Ramirez's criminal history included four prior convictions. It determined that his offender score was 7, with a total standard range of 51-60 months.

The State recommended an exceptional sentence below the standard range. The court agreed with the recommendation and imposed an exceptional sentence of 36 months in custody and 12 months of community custody. It entered findings of fact and conclusions of law with respect to the exceptional sentence. Ramirez appeals.

Ramirez first argues that the trial court's findings of fact do not support his offender score. We agree.

A defendant may challenge his offender score for the first time on appeal. State v. Mendoza, 165 Wn.2d 913, 919-20, 205 P.3d 113 (2009).

The State has the burden of proving a defendant's criminal history by a preponderance of the evidence. RCW 9.94A.500(1); Mendoza, 165 Wn.2d at 920. "The State does not meet its burden through bare assertions, unsupported by evidence." State v. Ford, 137 Wn.2d 472, 482, 973 P.2d 452 (1999).

Here, the trial court determined that Ramirez's offender score was 7. This score was based on four prior convictions. These convictions were itemized in appendix B of the judgment and sentence. The earliest conviction was a juvenile felony conviction with a 1996 sentencing date. The next two convictions were adult felony convictions with 2007 sentencing dates. The fourth conviction was an adult felony conviction with a 2012 sentencing date.

Significantly, the State agrees that the criminal history as listed in appendix B does not support the offender score. The State points to three additional misdemeanor convictions to explain how it calculated the offender score of 7. Nonetheless, the State argues that it met its burden to prove criminal history because Ramirez "affirmatively agreed in writing that his offender score was '7.'"

We reject this argument. The Supreme Court has emphasized "the need for an *affirmative* acknowledgement by the defendant of *facts and information* introduced for the purposes of sentencing" before the State will be excused from its burden of providing criminal history. Mendoza, 165 Wn.2d at 928. There was no such affirmative acknowledgement in this case.

The State cites a document in the record titled "Findings of Fact and Conclusions of Law for Exceptional Sentence" to support this claim. One of the findings of fact states that Ramirez's offender score is 7. Contrary to the State's representation, this finding is not a "stipulation" between the parties as to Ramirez's offender score. Rather, it is a finding of fact made by the trial court. Further, the fact that Ramirez signed this document does not establish that he affirmatively acknowledged his criminal history. In short, the State's reliance on this document is unpersuasive.

The remaining question is the appropriate remedy. The State argues that the proper remedy is to remand "for the sole purpose of correcting Appendix B to reflect the correct criminal history used to calculate Ramirez's offender score as '7.'" It points to the Presentence Statement of King County Prosecuting Attorney

to explain that Ramirez's offender score was calculated by also including three misdemeanor convictions. In contrast, Ramirez asserts that the proper remedy is to reverse the sentence.

We agree with Ramirez. The State seeks to limit what can happen on remand, but it provides no authority to support its position. Because Ramirez did not affirmatively agree to the criminal history as represented in the Presentence Statement of King County Prosecuting Attorney, we decline to impose the limitation suggested by the State. The proper remedy is to reverse and remand for resentencing.

Ramirez next argues that the trial court erred in imposing a 12-month term of community custody. He relies on RCW 9.94A.701(9). Under that statute, the term of community custody "shall be reduced by the court whenever an offender's standard range term of confinement in combination with the term of community custody exceeds the statutory maximum for the crime as provided in RCW 9A.20.021."

In re Pers. Restraint of McWilliams, 182 Wn.2d 213, 340 P.3d 223 (2014), forecloses Ramirez's argument. In that case, the Supreme Court expressly held that RCW 9.94A.701(9) applies only to terms of confinement imposed within the standard range. Ramirez received a term of confinement below the standard range, and thus, the statute is inapplicable in this case.

We reverse and remand for resentencing.

WE CONCUR:

Becker, J

Leach, J.

Dwyer, J