# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 47839-1-II |
| Respondent, | |
| v. | |
| ANTHONY TRAUMAYNE LAFROMBOIS, | UNPUBLISHED OPINION |
| Appellant. | |

WORSWICK, J. — Anthony LaFrombois appeals his sentence following his guilty plea to second degree assault, drive-by shooting, and first degree robbery. He argues, and the State concedes, that the sentencing court erred by miscalculating his offender score and imposing an exceptional sentence based on the erroneously calculated offender score. We accept the State's concession. LaFrombois, in a supplemental brief, argues the trial court erred by not considering his ability to pay before imposing legal financial obligations (LFOs), and further seeks waiver of appellate costs. We vacate LaFrombois's sentence and remand for resentencing and for the trial court to consider LaFrombois's ability to pay LFOs.

## FACTS

LaFrombois pleaded guilty to one count each of second degree assault, drive-by shooting, and first degree robbery. In calculating LaFrombois's offender score, the sentencing court appears to have included points to reflect that LaFrombois had been on community custody at the time his current offenses were committed. The record does not establish that LaFrombois was on community custody at the time.

After totaling the prior offenses and the current offenses, the sentencing court calculated LaFrombois's offender score at 13, and then determined that an exceptional sentence was appropriate under RCW 9.94A.535(2)(c) to avoid some of LaFrombois's current offenses going unpunished. LaFrombois argues, and the State concedes, that LaFrombois's offender score is less than 13.[1]

ANALYSIS

LaFrombois argues, and the State concedes, that his exceptional sentence was based on an erroneously calculated offender score. We agree.

Sentencing errors resulting in unlawful sentences may be raised for the first time on appeal. *State v. Bahl*, 164 Wn.2d 739, 744, 193 P.3d 678 (2008). We review offender score calculations de novo. *State v. Moeurn*, 170 Wn.2d 169, 172, 240 P.3d 1158 (2010). The sentencing court acts without statutory authority when imposing a sentence based on a miscalculated offender score. *In re Pers. Restraint of Johnson*, 131 Wn.2d 558, 568, 933 P.2d 1019 (1997).

The sentencing court calculated LaFrombois's offender score at 13, based in part on its finding that LaFrombois was on community custody at the time of his current offenses. Based on this score, the court imposed an exceptional sentence above the standard range.

LaFrombois asserts that he was not on community custody at that time. And the State concedes that it is not able to establish that LaFrombois was on community custody and, therefore, that an additional point was erroneously included in the calculation of his prior offenses. Because the record is insufficient to determine whether LaFrombois was on

---

[1] The parties do not agree on what LaFrombois's correct offender score is. We leave it to the sentencing court to correctly determine LaFrombois's correct offender score at the resentencing.

community custody, we remand for the sentencing court to determine whether LaFrombois was on community custody at the time he committed the current offenses.

We hold that the sentencing court erred in calculating LaFrombois's offender score and basing its imposition of an exceptional sentence on that offender score. Accordingly, we vacate LaFrombois's sentence. We remand for resentencing consistent with this opinion. At resentencing the trial court must consider LaFrombois's ability to pay LFOs.[2]

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, the opinion shall be filed for public record in accordance with RCW 2.06.040.

_____
Worswick, J.

We concur:

_____
Maxa, A.C.J.

_____
Melnick, J.

---

[2] Because the State has not substantially prevailed in this appeal, we do not address the issue of appellate costs.