FILED
COURT OF APPEALS DIV 1
STATE OF WASHINGTON

2017 JUL 31 AM 11: 39

# IN THE COURT OF APPEALS FOR THE STATE OF WASHINGTON

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 75149-2-I |
| Respondent, | ) ) ) | DIVISION ONE |
| v. | ) ) | |
| MANUEL RAMIREZ, | ) ) | UNPUBLISHED OPINION |
| Appellant. | ) ) | FILED: July 31, 2017 |

SPEARMAN, J. — Manuel Ramirez appeals his judgment and sentence, contending that the findings of fact do not support his offender score. Finding no error, we affirm.

## FACTS

Ramirez was convicted by a jury of domestic violence felony violation of a court order. At sentencing, the court found that his offender score was 7. This finding was supported by an appendix listing four prior convictions. The court imposed an exceptional sentence lower than the standard range and entered findings of fact and conclusions of law supporting the exceptional sentence. One of the findings of fact stated that Ramirez's offender score was 7.

Ramirez challenged his sentence on appeal, arguing that the trial court's findings of fact did not support the offender score. State v. Ramirez, 190 Wn. App. 731, 733, 359 P.3d 929 (2015). The State agreed that the convictions listed

in the appendix did not support the offender score. Id. at 734. The State argued, however, that by signing the findings of fact and conclusions of law supporting the exceptional sentence, Ramirez stipulated to the offender score. Id. We disagreed. Id. We held that the State had failed to meet its burden of proving Ramirez's criminal history and remanded for resentencing. Id. at 735.

At resentencing, the State submitted as exhibits certified copies of documents from five prior convictions. Based upon the new exhibits, the court found that Ramirez's offender score was 7. The court resentenced Ramirez. The court attached to the judgment and sentence an appendix listing Ramirez's criminal history. The appendix lists the five convictions documented in the exhibits and a juvenile offense not supported by documentation.

## DISCUSSION

Ramirez appeals his judgment and sentence, contending that the offender score is not supported by the findings of fact.

The State has the burden to prove prior criminal convictions by a preponderance of the evidence. Ramirez, 190 Wn. App. at 733 (citing RCW 9.94A.500(1)). To meet this burden, the State must introduce evidence. Id. (citing State v. Ford, 137 Wn.2d 472, 482, 973 P.2d 452 (1999)). "The best evidence of a prior conviction is a certified copy of the judgment." Ford, 137 Wn.2d at 479-80. We review a sentencing court's calculation of an offender score de novo. State v. Moeurn, 170 Wn.2d 169, 172, 240 P.3d 1158 (2010). We may affirm on any basis supported by the record. Bavand v. OneWest Bank, 196 Wn. App. 813, 825, 385 P.3d 233 (2016).

In calculating an offender score, the sentencing court must (1) identify the defendant's prior convictions; (2) eliminate those that wash out; and (3) count the convictions that remain by applying the numerical values assigned by statute. Moeurn, 170 Wn.2d at 175. Where the current offense is a felony domestic violence offense, each adult prior felony conviction where domestic violence was pleaded and proven after August 1, 2011 counts as two points. RCW 9.94A.525(21)(a). Certain misdemeanor offenses count as one point where they involve an allegation of domestic violence and were pleaded and proven after August 1, 2011. RCW 9.94A.525(21)(c).

Ramirez asserts that, on resentencing, the trial court repeated its error and arrived at an offender score that is not supported by the findings of fact. He relies on the appendix listing his criminal history. The appendix lists convictions for felony violation of a no contact order in 2007 and 2012, unlawful possession of a firearm, misdemeanor violation of a no contact order, and two counts of misdemeanor assault. The appendix also lists one juvenile offense.

Ramirez contends that the trial court erred in counting the 2012 felony violation of a no contact order as two points without making a finding that the offense involved domestic violence. But in this case, unlike in Ramirez's first sentencing hearing, the State produced evidence of the prior conviction. The judgment and sentence for this offense states that Ramirez was convicted by a jury of domestic violence felony violation of a court order. The trial court did not err in counting the offense as two points under RCW 9.94A.525(21)(a).

3

Ramirez also challenges the inclusion of three misdemeanor offenses. The appendix lists these as domestic violence offenses, but does not list sentencing dates. Ramirez contends that the trial court failed to find that these offenses were pleaded and proven after August 1, 2011.

The State's exhibits include the docket and judgment and sentence for SeaTac Municipal Court cause Y11223062, two counts of assault in the fourth degree domestic violence. These charges were brought in October 2011 and Ramirez pleaded guilty as charged in March 2012. Likewise, the exhibits document SeaTac Municipal Court cause Y13195603, misdemeanor violation of a no contact order with a domestic violence allegation. This charge was filed in August 2013. Ramirez pleaded guilty without amendment to the charge. The exhibits demonstrate that the misdemeanor offenses involved domestic violence allegations and were pleaded and proven after August 1, 2011. The offenses count as one point each under RCW 9.94A.525(21)(c). The trial court did not err.

Finally, Ramirez contends that the trial court improperly included the juvenile offense in calculating his offender score. The State concedes that it was error to list that offense in the appendix, but asserts that the error was harmless because the trial court did not count the offense in arriving at an offender score of 7.

We agree with the State. Ramirez does not dispute the 2007 felony violation of a no contact order or the unlawful possession of a firearm conviction. These offenses count as one point each. As discussed above, the 2012 felony violation of a no contact order was a domestic violence offense that counts as

4

two points. The three misdemeanors count as one point each. The sum of the adult offenses is 7. Although the juvenile offense is listed in the appendix, it does not contribute to the offender score. In addition, the court stated that it calculated Ramirez's offender score based on the exhibits documenting his previous convictions. These exhibits document only Ramirez's adult offenses.

Affirmed.

WE CONCUR:

Spelman, J.

Appelwick, J.

Becker, J.

5