IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION ONE

| | | |
|---|---|---|
| THE STATE OF WASHINGTON, | ) | No. 81677-2-I |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | UNPUBLISHED OPINION |
| | ) | |
| JUAN JOSE MACIAS, | ) | |
| | ) | |
| Appellant. | ) | |

BOWMAN, J. — Juan Jose Macias appeals his sentence following a jury conviction for second degree murder. He argues the trial court should not have counted one of his prior felony convictions in his offender score because it "washed out." The State concedes that error. We accept the State's concession and remand to the trial court to resentence Macias using the correct offender score. Macias also claims the trial court erred by refusing to consider his youth at the time he committed prior offenses as a mitigating factor warranting an exceptional sentence downward for his current offense. Because youth is a mitigating factor only as it relates to the current crime, we affirm.

FACTS

On February 7, 2018, Macias gunned down D.E. as D.E. fled from a confrontation with Macias' friends. Macias fired four shots at D.E., killing the 16-

year-old.  The State charged Macias with first degree murder and first degree unlawful possession of a firearm.  The court bifurcated the two counts for trial.[1]

Macias claimed self-defense.  He argued he acted out of fear because D.E. was part of a group of men that robbed Macias at gunpoint five weeks earlier on New Year's Eve.  According to Macias, on February 7, D.E. appeared to be holding a gun and made a threatening gesture as he ran away from Macias' friends.  Macias said he "panicked," "thinking that [D.E.]'s gonna end up shooting me, too, again."

The trial court instructed the jury on self-defense and several lesser included offenses of first degree murder.  The jury rejected Macias' self-defense claim and convicted him of the lesser included offense of second degree murder while armed with a firearm.[2]

At sentencing, the court considered two prior felony convictions from an incident in 2008—third degree assault and second degree robbery—when calculating Macias' offender score for second degree murder.  Macias did not object to including the prior offenses in his offender score but asked the court to treat them as the same criminal conduct and score them as only 1 point.  The court denied Macias' request and calculated his offender score as 4.  An offender score of 4 made his standard-range sentence 225 to 325 months, which also included a mandatory consecutive 60-month firearm enhancement.

---

[1] Macias waived his right to a jury trial as to count 2, unlawful possession of a firearm. Count 1, first degree murder, proceeded to a jury trial.

[2] The court also convicted Macias of unlawful possession of a firearm after the bench trial.

Macias also urged the court to impose an exceptional sentence downward of 101 months' total confinement. Macias offered expert testimony that he suffered from several "neurodevelopmental disorders," impacting his capacity to conform his behavior to lawful standards. He also argued D.E. was the primary aggressor to a significant degree. Macias maintained that those reasons, along with his failed self-defense claim, warranted a downward departure from the standard range. Finally, Macias asked the court to consider that he was only 17 years old when he committed his 2008 felonies. He argued his youth in 2008 was another mitigating factor supporting an exceptional sentence downward.

The State objected to an exceptional sentence and asked the court to impose a high-end standard-range sentence of 325 months. The court sentenced Macias to 300 months' total confinement, which included the 60-month firearm enhancement.[3]

Macias appeals.

ANALYSIS

Offender Score

Macias argues and the State concedes that his 2008 third degree assault conviction "washed out" and the court should not have used it to calculate his offender score. We accept the State's concession.

We review a sentencing court's calculation of an offender score de novo. State v. Tili, 148 Wn.2d 350, 358, 60 P.3d 1192 (2003). In calculating an offender score, the sentencing court must (1) identify all prior convictions, (2)

---

[3] The court imposed a concurrent 41-month sentence for the unlawful possession of a firearm conviction.

3

eliminate those that wash out, and (3) count the prior convictions that remain. State v. Moeurn, 170 Wn.2d 169, 175, 240 P.3d 1158 (2010).  The State has the burden of proving a defendant's criminal history by a preponderance of the evidence.  State v. Mendoza, 165 Wn.2d 913, 920, 205 P.3d 113 (2009).

" '[A] sentence that is based upon an incorrect offender score is a fundamental defect that inherently results in a miscarriage of justice.' "  State v. Wilson, 170 Wn.2d 682, 688-89, 244 P.3d 950 (2010)[4] (quoting In re Pers. Restraint Petition of Goodwin, 146 Wn.2d 861, 868, 50 P.3d 618 (2002)).  The proper remedy in such cases is reversal and remand for resentencing.  State v. Ramirez, 190 Wn. App. 731, 734-35, 359 P.3d 929 (2015).

Third degree assault is a class C felony.  RCW 9A.36.031(2).  Prior class C felony convictions other than sex offenses are not included in the offender score—or in other words, "wash out"—if following release from confinement or entry of a judgment and sentence, the offender spends five consecutive years in the community without committing any crime resulting in a conviction.  RCW 9.94A.525(1)(c).  Here, until the current offense, Macias incurred no criminal convictions after he was released from custody in late 2009.  As a result, the court should not have included the 2008 third degree assault conviction in calculating Macias' offender score.  We reverse Macias' sentence and remand to the trial court for resentencing.[5]

---

[4] Alteration in original.

[5] Because we reverse and remand for resentencing based on the improper calculation of Macias' offender score, we do not reach his allegation that the trial court erred in refusing to treat his prior convictions as the same criminal conduct.

Exceptional Sentence

Macias argues the fact that he "was a juvenile when he committed his 2008 offenses is a proper mitigating factor for an exceptional sentence below the standard range" for his current offense.

Generally, a trial court must impose a sentence within the standard sentence range. RCW 9.94A.505(2)(a)(i). But it can impose a sentence above or below the standard range for reasons that are "substantial and compelling." RCW 9.94A.535. The Sentencing Reform Act of 1981, chapter 9.94A RCW, contains a list of aggravating and mitigating factors, which the court may consider in the exercise of its discretion to impose an exceptional sentence. State v. Fowler, 145 Wn.2d 400, 404, 38 P.3d 335 (2002); see RCW 9.94A.535. The list is not exclusive, but any reasons considered by the court must relate to the crime and make it more, or less, egregious. Fowler, 145 Wn.2d at 404, 38 P.3d 335 (2002).

"[A]n exceptional sentence is appropriate only when the circumstances of the crime distinguish it from other crimes of the same statutory category." State v. Estrella, 115 Wn.2d 350, 359, 798 P.2d 289 (1990) (citing State v. Pennington, 112 Wn.2d 606, 610, 772 P.2d 1009 (1989)). Whether a particular factor can justify an exceptional sentence is a question of law we review de novo. State v. O'Dell, 183 Wn.2d 680, 688, 358 P.3d 359 (2015).

Youth is not a statutory mitigating factor. See RCW 9.94A.535. Still, a defendant's youth may support an exceptional sentence below the standard range. O'Dell, 183 Wn.2d at 698-99, abrogating State v. Ha'mim, 132 Wn.2d

5

834, 940 P.2d 633 (1997). To comply with the Eighth Amendment to the United States Constitution, courts must consider mitigating qualities of youth at sentencing and must have discretion to impose any sentence below the otherwise applicable standard range. State v. Houston-Sconiers, 188 Wn.2d 1, 20-21, 391 P.3d 409 (2017). But youth mitigates only if a defendant shows it "relates to the commission of the [current] crime." In re Pers. Restraint of Light-Roth, 191 Wn.2d 328, 336, 422 P.3d 444 (2018) (citing O'Dell, 183 Wn.2d at 689)).

Citing Houston-Sconiers and O'Dell, Macias argues that he was "entitled to consideration of his age as a juvenile" when he committed his 2008 offenses as a mitigating factor warranting an exceptional downward sentence for his 2018 offense. But those cases involve defendants who were juveniles when they committed the crimes for which the courts were sentencing them. Houston-Sconiers, 188 Wn.2d at 413; O'Dell, 183 Wn.2d at 683. Macias fails to explain how his youth when he committed crimes in 2008 relates to the commission of the current crime.[6]

Our Supreme Court addressed a similar argument in State v. Moretti, 193 Wn.2d 809, 446 P.3d 609 (2019). That case involved three consolidated appeals

---

[6] Macias argued for the first time at oral argument that his age when he committed the 2008 offenses relates to his current crime because the State charged and the court sentenced him as an adult for those prior offenses. According to Macias, had the court sentenced him as a juvenile, he could have received rehabilitation services that may have prevented the commission of his current offense. Because Macias did not argue this theory below or in his brief on appeal, we do not address it. See Cowiche Canyon Conservancy v. Bosley, 118 Wn.2d 801, 809, 828 P.2d 549 (1992) (we will not consider an argument not raised below or unsupported by citation to the record or authority); Smith v. King, 106 Wn.2d 443, 451-52, 722 P.2d 796 (1986) (a party waives assignment of error where they presented no evidence below to support the issue or they do not argue the issue in their brief).

where the defendants committed at least one "most serious offense" as young men and then committed a third "strike" offense as older adults. Moretti, 193 Wn.2d at 813-14. The courts sentenced each defendant to life in prison without the possibility of parole under the Persistent Offender Accountability Act, RCW 9.94A.030(37), .570. Moretti, 193 Wn.2d at 815, 816, 817. The defendants argued that it was unconstitutional to punish them with life in prison without parole because their youth at the time of the predicate offenses reduced their culpability. Moretti, 193 Wn.2d at 820. The Supreme Court rejected this argument because youth as a mitigating factor presumes that "most juveniles are capable of change and will not continue to recidivate into adulthood," and "the concerns applicable to sentencing juveniles do not apply to adults who continue to reoffend after their brains have fully developed." Moretti, 193 Wn.2d at 829, 818.

Like the defendants in Moretti, Macias committed his prior offenses as a young man, but he was an adult with a fully developed brain 10 years later when he committed the current offense. The trial court did not err in refusing to impose an exceptional sentence below the standard range based on Macias' youth at the time of his 2008 offenses.[7]

---

[7] Macias also argues that the trial court erroneously rejected evidence supporting a downward departure based on three statutory mitigating factors. Because we remand for resentencing, we do not reach this claim. But we note that when a trial court has considered the facts and concluded that there is no basis for an exceptional sentence, it has exercised its discretion, and the defendant may not appeal that ruling. State v. Garcia-Martinez, 88 Wn. App. 322, 330, 944 P.2d 1104 (1997).

We reverse Macias' sentence and remand to the trial court to resentence him using the proper offender score.  We otherwise affirm.

_____, J

WE CONCUR:

_____  _____ Andrus, A.C.J.