IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 39131-1-III |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | UNPUBLISHED OPINION |
| | ) | |
| MARK EARL KIEFFER, | ) | |
| | ) | |
| Appellant. | ) | |

LAWRENCE-BERREY, C.J. — Mark Kieffer appeals after a jury convicted him of one count of residential burglary, one count of harassment, and seven counts of violation of a no contact order—all alleged to have been committed against an intimate partner. Mr. Kieffer challenges the sufficiency of the information, the calculation of his offender score, and the $500 victim penalty assessment. We disagree with his first two challenges, but agree with his third.

In addition, Mr. Kieffer raises approximately 150 contentions in his statement of additional grounds for review. We decline to address those challenges because most are insufficiently argued, and we do not want to prejudice his ability to raise one or more possibly valid claims later, in a personal restraint petition.

## FACTS

In 2021, a trial court imposed a no contact order against Mark Kieffer prohibiting him from contacting his estranged wife, Shalena Kieffer. The order arose out of Mr.

Kieffer's attempt to break into Ms. Kieffer's home while Ms. Kieffer and the couple's children were present. With Ms. Kieffer and the Kieffer children sheltered in their house, Mr. Kieffer had broken through the door to the home's screened porch and attempted to break through the door into the living room. While attempting this, Mr. Kieffer had threatened to kill Ms. Kieffer.

Despite the no contact order, Mr. Kieffer in the ensuing months attempted on nine occasions to contact Ms. Kieffer, whether in person or over the phone. On one occasion, Mr. Kieffer again broke into the home. As a result—and as a result of the original violent encounter—the State charged Mr. Kieffer by amended information with the following:

- Harassment (one count, with an intimate partner allegation)

- Violation of a no contact order (seven counts, with intimate partner allegations)

- Residential burglary (three counts, with intimate partner allegations)

*See* Clerk's Papers at 143-45. As to the seven no contact order violations, the charging information stated (1) the dates of the offenses, (2) the statutes under which the State intended to charge Mr. Kieffer, (3) the cause number under which the trial court had imposed the no contact order, (4) the allegation that Mr. Kieffer, in the state of Washington, had violated provisions of the order knowingly, and (5) the allegation that Ms. Kieffer was Mr. Kieffer's intimate partner. Mr. Kieffer did not object to the charging information.

After several continuances, the State tried Mr. Kieffer. The jury convicted Mr. Kieffer on all counts, except two residential burglary counts, and found that Ms. Kieffer was Mr. Kieffer's intimate partner. The trial court calculated Mr. Kieffer's offender score on his residential burglary conviction as an 8, and sentenced him to a standard range sentence of 61.5 months of confinement. The trial court also imposed a $500 victim penalty assessment fee, despite finding Mr. Kieffer indigent.

Mr. Kieffer timely appeals his judgment and sentence.

ANALYSIS

SUFFICIENCY OF INFORMATION

For the first time on review, Mr. Kieffer argues the State's amended information was constitutionally deficient because it did not identify the party the no contact order protected. Because the information passed constitutional muster without stating this information, we disagree.

*Standard of review*

An information is constitutionally sufficient where it alleges all essential elements of a charged offense. *State v. Kjorsvik*, 117 Wn.2d 93, 105, 812 P.2d 86 (1991). A defendant challenging an information for the first time on appeal must show both that the information was deficient and that the deficiency resulted in prejudice. *Id.*

No. 39131-1-III
*State v. Kieffer*

*Sufficiency*

Mr. Kieffer argues the information charging him with violations of a no contact order was deficient where it failed to state the name of the person protected by the violated order.[1]  However, the name of the person protected by an order is not an essential element of the offense of violating that order.  *State v. Clowes*, 104 Wn. App. 935, 944, 18 P.3d 596 (2001).  Instead, the essential elements of that offense are (1) willful contact with another where (2) a valid no contact order prohibits such contact and (3) the defendant is aware of the order.  *Id.*  Additionally, for jurisdictional reasons, the offense must have occurred in Washington.

Here, the information alleged knowing[2] contact in Washington with a party protected by a no contact order, and further alleged Mr. Kieffer's knowledge of that order.  Accordingly, the information was sufficient.

OFFENDER SCORE

Mr. Kieffer argues the trial court erred in calculating his offender score because his harassment conviction and his no contact order convictions all are misdemeanors and

---

[1] Mr. Kieffer also alleges the information was deficient where it failed to identify predicate felony convictions for the purposes of calculating an offender score.  However, because the offender score the trial court calculated did not depend on predicate felony convictions, we need not address this contention.

[2] RCW 9A.08.010(4) provides: "A requirement that an offense be committed wilfully is satisfied if a person acts knowingly with respect to the material elements of the offense, unless a purpose to impose further requirements plainly appears."

4

thus do not add to his offender score. Because the trial court properly counted these misdemeanor convictions as repetitive domestic violence offenses when calculating his offender score for his residential burglary conviction, we disagree.

*Standard of review*

Because offender score calculations amount to statutory interpretation, this court reviews a trial court's offender score calculation de novo. *State v. Moeurn*, 170 Wn.2d 169, 172, 240 P.3d 1158 (2010).

*Offender score calculation*

Where a defendant's present conviction is for a felony domestic violence offense, each adult prior conviction for a repetitive domestic violence offense counts against the defendant's offender score, provided the prior offenses were pleaded and proved after August 1, 2011. Former RCW 9.94A.525(21)(d) (2017). Where a trial court sentences a defendant for multiple current offenses, each qualifying concurrent offense counts toward the offender score for every offense as if the concurrent offense were prior. RCW 9.94A.589(1)(a).

Here, one of Mr. Kieffer's current convictions is for residential burglary-domestic violence (DV), which is a felony domestic violence offense. RCW 10.99.020(4)(xxi). Accordingly, he falls within the statutory parameters outlined above. Because violation of a no contact order-DV and harassment-DV qualify as repetitive domestic violence

offenses even where they are misdemeanors, Mr. Kieffer's convictions on those eight

charges count as points on his offender score. RCW 9.94A.030(42)(a)(ii), (iv). For these

reasons, the trial court properly calculated Mr. Kieffer's offender score as an 8.

VICTIM PENALTY ASSESSMENT

Mr. Kieffer contends the $500 victim penalty assessment must be struck because

of a change in law and because the trial court found he was indigent. We agree.

In 2023, the legislature amended RCW 7.68.035 to prohibit the imposition of

victim penalty assessments where the defendant is indigent. LAWS OF 2023, ch. 449, § 1

(effective July 1, 2023). Because a "newly enacted statute or court rule generally applies

to all cases pending on direct appeal and not yet final," and because Mr. Kieffer is

indigent, the victim penalty assessment in this case is improper. *State v. Jefferson*, 192

Wn.2d 225, 246, 429 P.3d 467 (2018).

ADDITIONAL GROUNDS FOR REVIEW

On direct review, a criminal defendant may file a pro se statement of additional

grounds for review (SAG) to identify and discuss matters they believe have not been

adequately addressed by appellate counsel. RAP 10.10(a). Although references to the

record and citations to authorities are not required, a court will not consider grounds that

do not inform the court of the nature and occurrence of alleged errors. RAP 10.10(c).

Similarly, passing treatment of an issue or lack of reasoned argument are insufficient to

6

merit judicial consideration. *Joy v. Dep't of Lab. & Indus.*, 170 Wn. App. 614, 629, 285 P.3d 187 (2012).

In a 51-page SAG, Mr. Kieffer raises approximately 150 contentions. Many are opinions rather than legal arguments, some relate to the length of delay before trial, and some relate to trial counsel's performance. Due to the sheer number of contentions, the vast majority are insufficiently analyzed to merit consideration.[3] Also, were we to resolve a few of the poorly argued issues against Mr. Kieffer here, on direct review, he likely would be precluded from having them later reviewed in a personal restraint petition (PRP). *See In re Pers. Restraint of Gentry*, 137 Wn.2d 378, 388, 972 P.2d 1250 (1999)

---

[3] By way of example, we quote the following paragraphs:

Another reason I violated the [no contact order] was because after my wife and prosecutor, it was made clear that I never threatened anyone . . . .

. . . I believe he did me dirty, honestly. I believe my wife became a professional victim, so she could feel good about divorcing me and getting everything, including no visitation with my children.

I feel I was not properly represented, or true justice would have prevailed, and I would have been found not guilty on all counts, in my opinion.

I honestly wonder how all crimes have a DV attachment when there was never evidence. I don't feel this was the intent of the law for this to be used as multiple points like this.

I was never offered a first-time felony sentence, which I believe the Judge should have done as well. They attach seven misdemeanors (DV) convictions to be 7 of the 8 points? It really doesn't seem fair to me.

SAG at 10-11.

No. 39131-1-III
*State v. Kieffer*

("In PRPs, we ordinarily will not review issues previously raised and resolved on direct

review."). For these reasons, we decline to address the issues Mr. Kieffer raises in his

SAG.

Affirmed, but remanded to strike the VPA.

A majority of the panel has determined this opinion will not be printed in the

Washington Appellate Reports, but it will be filed for public record pursuant to

RCW 2.06.040.

_____
Lawrence-Berrey, C.J.

WE CONCUR:

_____    _____
Pennell, J.                                 Cooney, J.